AMERICAN NATIONAL INSURANCE COMPANY *v.* MOONEY.

Opinion delivered February 23, 1914.

1. INSURANCE—BENEFIT INSURANCE—FORFEITURE—DUTY OF COMPANY TO APPLY FUNDS IN ITS HANDS.—Where deceased held policies of insurance in defendant company; covering both sick and death benefits, but defaulted in the payment of premiums, and deceased became sick, and was entitled to a payment under the sick benefit, it was the duty of defendant company to apply the amount due deceased, on the premiums due from him, so as to keep the policies alive, and where there was a sufficient sum to satisfy the premiums, the policies will be held not to be forfeited.   (Page 517.)

2.  APPEAL AND ERROR—CONSTRUCTION OF BILL OF EXCEPTIONS.—On appeal the language used in the bill of exceptions will be construed, as far as possible, in support of the court's rulings.  (Page 518.)

3.  TRIAL—INTRODUCTION OF TESTIMONY—DISCRETION OF TRIAL COURT—ABUSE.—Where counsel in a trial offered to introduce a release and an assignment in evidence, and the bill of exceptions recites that the trial court directed him to hand the papers to the stenographer, and sets out the contents of the papers in full, it will not be held that the trial court erred or abused its discretion in refusing to permit plaintiff to introduce testimony.  (Page 519.)

4.  APPEAL AND ERROR—ERRONEOUS JUDGMENT—JUDGMENT CONTRARY TO THE PROOF.—In an action on a policy of insurance, it is error to render judgment for the plaintiff, where the defendant offered in evidence an uncontradicted release, properly executed by plaintiff, relieving defendant of all liability.  (Page 520.)

5.  ATTORNEY'S FEES—COMPROMISE BY PARTIES.—Under Act 293, p. 892, Acts 1909, and Kirby's Digest, § 4457, the right of an attorney to his fees is unaffected by a release executed by his client, relieving the defendant from liability.  (Page 520.)

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Horace Chamberlin* and *Wallace Townsend,* for appellant.

1.  The language of the statute unquestionably gives each party to a suit the right to present all his evidence, and anything less than that is, to that extent, a denial of the full right assured under the law.  The refusal of the court, therefore, to allow appellant to finish its case amounted to a denial of the right of trial, and was reversible error.  Kirby's Dig., § § 6214 and 6196, part 3; 54 Ark. 124; 30 Ark. 312; 32 Ark. 585-589; 34 Ark. 383; 37 Ark. 562-571; 55 Ark. 163-180; 90 Ark. 272-277; 2 Dec. Dig. Appeal & Error, ¶ 1056, § 1; 38 Cyc. 1450; 161 Ala. 494, 50 So. 96; 71 N. E. 266; 79 N. E. 402; 96 N. Y. S. 116.

The fact that the case was tried before a judge without a jury does not alter the rule.  62 Pac. 574; 17 How. (U. S.) 6-12; 165 Fed. Rep. 283, 285, 286.

2.  The suit was unauthorized.  Notwithstanding the presumption in favor of an attorney's authority to act for a client, either party may question that right,

and, where the party whom the attorney claims to repre-sent denies his authority, the burden is on the attorney to show such authority. 4 Cyc. 928, 930, 931-6b; 1 Ark. 99, 105, 106; 2 Ark. 356.

3. The suit was settled by the release in full executed by the plaintiff. 71 N. Y. 443; 52 N. Y. 73; 14 N. W. 617; 8 Cyc. 505; *Id.* 516; 21 Ark. 69; 29 Ark. 131; 43 Ark. 172; 44 Ark. 556; 46 Ark. 217-220; 75 Ark. 354; 62 Ark. 432; 14 N. W. 617.

*Miles & Wade,* for appellee.

1. Under the facts set out in the record, the court did not refuse to allow appellant to finish its case nor deny to it the right of trial. The action of counsel amounted to a demurrer to the evidence, and when he said, *"On the proof* I would like to make a motion *here* that the case be dismissed,"* he made the proof a necessary part of his motion, and created the right to have the court to act on it. 4 Ark. 110.

It is not competent to reopen a case on the merits after final judgment is rendered under such circumstances. *Id.;* 90 Ala. 331; 120 Mass. 336; 4 How. (Miss.) 224; 6 Call (Va.) 53; 20 W. Va. 424. That the court did not err in overruling the demurrer to the evidence, see 38 Cyc. 1542.

2. The suit was in fact authorized as fully appears in the records.

The question of an attorney's authority to represent a client can not be raised except by motion directly for that purpose, supported by affidavits, and this motion must be filed before the plea or answer, if the facts are known; and the application to require a plaintiff's attorney to show his authority should be made and heard before the trial. 4 Cyc. 930, 931, and cases cited.

3. The twenty dollars due to the deceased for weekly indemnities amounted to more than enough to keep the policies in force and should have been applied by the appellant to that end. The policies were in force. 68 Ark. 505; 55 L. R. A. 605, and note; 23 L. R. A. (U.

S.) 304, and note; 129 Mich. 444; 202 Mass. 524; 102 S.
W. (Tex.) 163.

McCULLOCH, C. J.   This is an action on two insurance policies of the type known as industrial insurance. The policies provide for weekly payment of premiums and for sick benefits of a certain amount payable to the assured and a certain amount of death benefits payable to the beneficiary named in the policies.   The plaintiff, Alice Mooney, is the beneficiary named in the policies, her brother, John Weatherall, being the one to whom the policies were issued and who was entitled to receive sick benefits.   John Weatherall died and this action is to recover the death benefits provided for in the two policies.   The actions were instituted before a justice of the peace, a judgment being rendered there in favor of the plaintiff and an appeal was prosecuted to the circuit court.   The two cases were consolidated in the circuit court, and the trial there was before the court sitting as a jury.

The defendant company defended, first, on the ground that the policies lapsed on account of failure to pay premiums; and, next, on the ground that while the cause was pending in the circuit court a compromise had been entered into between the plaintiff and defendant and that the plaintiff had executed in writing a release.   Defendant also undertook to show that the suits were instituted by attorneys without authority from the plaintiff.

It was conceded in the trial that premiums were not paid on either of the policies after a certain date; but the plaintiff undertook to show that at that time sick benefits were due to Weatherall in an amount sufficient to carry the policies beyond the date of his death.   That was the only issue in the case concerning the question of forfeiture of the policy.   Plaintiff adduced testimony tending to show that Weatherall was confined to his room by sickness for several weeks, sufficient to entitle him to sick benefits in the sum of $20, which was more than sufficient to pay the premiums on the policies beyond the

death of Weatherall.  The company denied liability for sick benefits on the ground that Weatherall was not confined to his room a full week and made that contention at the trial.  If, however, as plaintiff contended, a sum of money was due, sufficient to pay the premiums and keep the policies alive up to the death of Weatherall, then there was no forfeiture of the policies, for the reason that the amount due should have been applied by the company in satisfaction of the premiums, so as to keep the policies alive.  *Union Central Life Ins. Co.* v. *Caldwell,* 68 Ark. 505.

After the plaintiff rested her case, defendant put on a witness and attempted to show that no sick benefits were earned.  During the examination of that witness, who was the general superintendent of defendant company in this State, it developed, from his testimony, that he had procured from plaintiff, who, it appears, was not present at the trial, a statement, in writing, to the effect that she had not authorized the attorneys to institute the actions and that she repudiated the same and authorized a dismissal, whereupon the defendant's counsel asked permission to make a motion that the cases be dismissed. The court did not expressly rule on the motion to dismiss, but proceeded to render judgment in favor of the plaintiff for the amount of the death benefits under the policies.  Counsel then asked permission to introduce further proof, and saved exceptions.  It is insisted now that the bill of exceptions shows that the court refused to permit counsel to introduce witnesses who were in waiting for the purpose of making out the defense.

We do not think that the record sustains counsel in this contention.  The record recites that, upon the production of the sworn statement of plaintiff, counsel for defendant arose and stated to the court that he would like "to make a motion here that the case be dismissed." The court asked the witness several questions and then proceeded to announce his finding in favor of the plaintiff.  Counsel then said:  "Your Honor, I haven't finished my case.  I desire to introduce the rest of my

proof, so that I can perfect the record. I desire to introduce a release in full from Alice Mooney and an assignment. I desire that they be placed in the record, Your Honor.'' (Court:) ''You can give it to the stenographer.'' (Mr. Chamberlain:) ''Save my exceptions.'' Now, it is argued by learned counsel that this record shows that they had other testimony, besides the release and assignment, which they desired to introduce and that the court arbitrarily refused to permit them to do so. We do not think the record bears them out. A fair construction of the language is, we think, that the offer was to complete the proof in support of the defense by introducing the release and assignment. It is our duty to construe the language, as far as we can, in support of the court's ruling, and we think that if counsel had other witnesses to introduce they should have clearly expressed their desire to the court. The case is argued here as if the court ignored the request entirely and proceeded to render judgment against defendant and merely directed them to hand the papers to the stenographer so that they could be put in the record. We think that what the record shows is that they offered to introduce the release and assignment and that the court, fully comprehending what was offered and considering it in making up his judgment, directed them to hand the papers to the stenographer so that they could be made part of the record. We can not say, therefore, that the court committed any error or abused its discretion in not permitting counsel to introduce further testimony. In fact, according to the record, the court received all the testimony that they offered. We assume that the court was apprised of the contents of the release and considered it. The bill of exceptions contains the instrument of writing executed by the plaintiff releasing all her claim against the company under the policies and in satisfaction of the judgment of the justice of the peace, in consideration of the payment of $50 in cash. The release was properly acknowledged before a justice of the peace, and it stands uncontradicted in the record. If it was a valid release,

and it was such according to the undisputed testimony, then it was error for the court to render judgment upon the causes of action thus released.

There is another paper in the record showing that plaintiff had employed the attorneys who were prosecuting the case and had agreed to give them, as their fee, 50 per cent of the amount to be recovered.

A statute of this State provides that "from the commencement of an action * * * the attorney who appears for a party has a lien upon his client's cause of action, * * * which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whosesoever hands they may come; and the lien can not be affected by any settlement between the parties before or after judgment or final order." Act 293, May 31, 1909, Acts 1909, page 892.

Another statute provides that "in case the plaintiff and defendant compromise any suit for liquidated or unliquidated damages or any other cause of action after same is filed, where the fees or any part thereof to be paid to the attorney for plaintiff or defendant are contingent, the attorney for the party plaintiff or defendant receiving a consideration for said compromise, shall have a right of action against both plaintiff and defendant for a reasonable fee, to be fixed by the court or jury trying the case." Kirby's Digest, § 4457.

The statute last quoted was construed and the procedure thereunder discussed in the case of *Rachels* v. *Doniphan Lumber Co.,* 98 Ark. 529.

We need not enter upon any discussion of the rights of the attorneys for the reason that the court did not render judgment in favor of the attorneys, but disregarded the release and rendered judgment in favor of the plaintiff. Whatever statutory rights the attorneys had, if any, under their contract with plaintiff are unaffected by the release; but these questions are not involved in testing the correctness of the judgment in favor of plaintiff. The court erred in rendering a judgment

in favor of the plaintiff, and, for that reason, the judgment is reversed and the cause remanded for a new trial.