KNIGHTS OF PYTHIAS OF NORTH AMERICA v. SANDERS.

Opinion delivered May 30, 1927.

INSURANCE—RIGHT TO DECLARE FORFEITURE OF POLICY.—A fraternal benefit society, organized under Crawford & Moses' Dig., § 6072, could not declare a forfeiture of a member's policy for failure to pay dues, when it owed the member sick benefits in amount in excess of his dues.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*Thomas J. Price,* for appellant.

MEHAFFY, J.   The appellee, plaintiff below, brought this suit in the circuit court of Sebastian County, alleging that the appellant, defendant below, was a fraternal benefit society, organized and carried on solely for the mutual benefit of its members, and had a lodge system and representative form of government, and which made provision for the payment of beneficiaries in accordance with § 6072 of Crawford & Moses' Digest; that she was the widow of Will Sanders, who died July 18, 1924.   It was alleged that, more than three years prior to his death, Will Sanders was a member of appellant association, and that there was issued to him its endowment policy by which it agreed to pay $300 to his widow.   It was alleged that Will Sanders, at the time of his death, was in good standing with the grand and subordinate lodges; that proof of death was furnished, and that defendant lodge refused to pay.

The defendant answered, admitting that Sanders was at one time a member of the lodge and that a certificate was issued and delivered to him, but it denied that he was entitled to recover, because it alleged that he

had not paid his quarterly premiums of $2.25 for the April period.

The undisputed proof shows that Will Sanders did not pay his dues in April, 1924, and that he died in July, 1924. The policy expressly provides that the beneficiary would not be entitled to recover unless the member was in good standing at the time he died. The undisputed proof, however, also shows that, while his dues were $2.25, the lodge owed him $24 for sick benefits. There is no dispute about this. And the only issue in the case is whether, under the circumstances above set out, the defendant had a right to forfeit his policy.

This court has held that payment of dues is a condition precedent to recovery. The plaintiff in the case swore positively that Will Sanders, the deceased member, was in good standing at the time of his death, and no member of the local lodge was called to testify with reference to that. This court has held that, where the insurance company had funds in its hands belonging to the member which were equal to, or in excess of, the amount of the dues, it could not declare a forfeiture. After citing many authorities, the court said:

"But, in our opinion, the difference in facts does not destroy the application or lessen the efficacy of the principle. It is true that, in some of them, there was a contract, custom, or course of dealing, but, because insurance companies enter upon contracts or establish a usage in conformity to the doctrine above announced, from which they have not been allowed to deviate, does not prove the unsoundness of the doctrine itself, but rather the contrary. The doctrine does not arise out of the peculiarities of any particular case. It does not depend upon contract, custom or course of dealing for its existence and potency. It has its origin in that fundamental principle of justice which will compel one who has funds in his hands belonging to another which may be used, to use such funds, if at all, for the benefit and not to the injury of the owner. For his consent to the one and

dissent to the other will be presumed." *Union Central Life Ins. Co. v. Caldwell,* 68 Ark. 505, 58 S. W. 355.

The court in the above case quoted with approval the following language from Judge Cooper in *Smith* v. *Ins. Co.,* 44 Ohio St. 170:

"I am of the opinion that the company was bound, upon the plainest principle of equity, to apply the dividend first in such manner as to save the forfeiture. The usage of the company in deducting the dividends from the principal in cases where the insured elects to continue the policy, even if uniform and unvarying, cannot control where the insured ceases to pay and the contract is silent as to what should be done with the dividend. The law, which tempers justice with mercy, makes the proper application. The dividend, as the property of the insured, should be applied to what he is bound to pay—the interest."

And we think, in this case, that the law will make the proper application. The amount of funds in the hands of the company at the time Sanders died was very much in excess of his dues. The testimony showed that it was not collected, probably because Sanders did not need it at the time, and thought the insurance company did.

"Subject to the exceptions hereinafter noted, the rule may be laid down broadly that an insurance company has no right to declare a policy of insurance forfeited for the nonpayment of the premiums, assessments or dues when, at the time, the company is in any way indebted to the policy-holder, either for dividends declared or other funds which it may have in its hands belonging to the insured." 14 R. C. L. 966. For other authorities see case-note in 22 L. R. A. N. S., 304. See also 32 C. J. 1308.

In this case it would be unjust for the company to declare a forfeiture when it had funds in its hands belonging to him greatly in excess of his dues. The circuit court correctly directed a verdict for the plaintiff, and the judgment is therefore affirmed.