SECURITY LIFE INSURANCE COMPANY *v.* MATTHEWS.

Opinion delivered January 7, 1929.

*Arthur S. Lytton* and *Caraway, Baker & Gautney,* for appellant.

*T. T. Mardis* and *Charles D. Frierson,* for appellee.

HUMPHREYS, J. Appellee recovered damages in the sum of $838.73 against appellant in the First Division of the Circuit Court of Poinsett County upon the alleged breach of a life insurance contract, from which is this appeal.

The trial court instructed a verdict in favor of appellee upon the theory that the undisputed facts showed that, at the time the policy in controversy was forfeited, appellant had in its hands a sufficient sum of money belonging to appellee with which to pay the overdue premium and thereby prevent a forfeiture.

The life insurance policy in question was issued March 12, 1919, and the quarterly premium of $29.65 had been regularly paid thereon for seven years and nine months, but appellee overlooked paying the quarterly premium due on December 12, 1926, for a few days beyond the thirty-day period of grace, which would have carried the policy to March 12, 1927. A check for the premium was mailed and not received by appellant until January 25, 1927, at which time it declared a forfeiture of the policy and returned the check to appellee with directions how to be reinstated if he desired to apply for reinstatement. Appellee complied with the requirements for reinstatement, but appellant refused to reinstate him, without assigning any reason for its action. On the trial it appeared that appellant refused to reinstate him because it learned, from the medical examiner of the Cotton States Life Insurance Company, as a result of an urinalysis test, that appellee was not an insurable risk.

On March 12, 1926, appellee borrowed $335 from appellant, which was the full loan value available on the policy at that date. The policy provides that loans (per table of loans, etc., in the policy) may be obtained, "all premiums, including the current year's premium, having been duly paid." The table referred to provides that "If full year's premiums have been paid and this policy

has been in force for................years," and "If premiums be paid for years stated," certain loan values are available.

J. C. Seitz, secretary and actuary of appellant, testified that the policy in question had no additional loan value under the provisions quoted when same was declared forfeited by appellant.

Under the terms of the policy it was optional on the part of appellee to pay the premiums either quarterly or annually. Appellee elected to pay the premium quarterly, and it is undisputed that had he paid the fourth quarterly premium in the eighth year of the life of the policy on or before January 12, 1927, same being the last day of grace, he would have been entitled to an additional loan of $60.

On account of appellee's option, and his election, to pay the premiums quarterly instead of annually, the trial court took the view—and we think correctly—that the loan value on the policy should and would accrue quarterly, just as it would have accrued annually had he elected to pay the premiums annually. It is true that the table of loan values contained in the policy is fixed upon the basis of payment of annual premiums, but, where premiums are paid quarterly, the loan value for the year ought to be prorated to the quarterly premium payments. This construction is reasonable and should be placed upon the contract to prevent forfeitures, which are odious in the law and never favored unless the language of the contract clearly justifies it.

It follows, from this construction of the contract and the undisputed fact that, if the loan value is prorated to quarterly payments of premiums, upon the payment of the third quarterly premium appellee was entitled to borrow $45 additional on the policy, more than enough to have paid the quarterly premium of $29.65 due December 12, 1926.

The rule is that insurance companies cannot declare forfeitures of policies for nonpayment of premiums when they have sufficient funds in their hands belonging to the insured to pay the premiums, and the duty rests upon

778

them to use the funds to pay the premiums and thereby prevent forfeitures. *American Nat. Ins. Co. v. Mooney,* 111 Ark. 514, 164 S. W. 276; *Missouri State Life Ins. Co. v. Miller,* 163 Ark. 480, 260 S. W. 705; *Pfeiffer v. Missouri State Life Ins. Co.,* 174 Ark. 783, 297 S. W. 847; *Knights of Pythias v. Sanders,* 174 Ark. 279, 295 S. W. 25.

Reversal of the judgment is also sought on the ground that the court adopted an incorrect rule for the measure of damages on account of the breach of the contract.

The court followed the rule announced in the case of *Mutual Relief Assn. v. Ray,* 173 Ark. 9, 292 S. W. 396, as follows:

"Where an assessment benefit association wrongfully repudiated its contract, the insured may treat the contract as rescinded and recover all assessments paid with interest from the date of payment of each assessment."

The rule is applicable to premiums paid by the insured on account of any breach of a contract.

No error appearing, the judgment is affirmed.