Hugh H. MAGERS, Trustee for Lillie Turner, Respondent,

v.

WESTERN & SOUTHERN LIFE INSUR-
ANCE COMPANY, Appellant.

No. 23185.

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1961.

M. E. Benson, Kansas City, for appellant.

R. C. Southall, Kansas City, for respond-
ent.

SPERRY, Commissioner.

Hugh H. Magers, Trustee for Lillie Turner, brought suit against The Western & Southern Life Insurance Company, for a return of premiums paid on life policies alleged void ab initio. Trial to the Court resulted in judgment for plaintiff in the sum of $187.74. Defendant appeals.

Mrs. Turner stated in evidence that, in October, 1953, she was a policy holder of defendant and was solicited by its agent

to apply for policies on other members of her family; that she told the agent, Smith, that she had twin brothers two years younger than herself, but that they were not in Kansas City and that she did not know where they were; that Mr. Smith told her that that did not matter; that two policies on each were issued upon trustor signing separate applications in the names of her two brothers, Waymon and Raymon Huff; that said purported applicants were not then present and where they were was unknown to her; that they did not sign the applications; that she never thereafter heard of or from either of them and does not know whether they are alive or dead; that they never knew about the transaction; that she paid weekly premiums of $1.36 on these four policies from the date of issue until she was informed by defendant's agent that the policies were void because not issued with the knowledge and consent of the insureds; that she then demanded a return of the premium money, which was refused.

Two of the policies were in evidence and trustor stated that two had been lost or misplaced. The premium receipt books were introduced into evidence. According to those records trustor paid premiums on the four policies totalling $189.24. The applications were also in evidence. They bore date of October 19, 1953, and bore signatures purporting to be those of the insureds, and by Fred Smith, defendant's agent. In the presence of the Court, trustor wrote on a piece of paper, several times, the names "Raymon Huff" and "Waymon Huff," for the Court's inspection and, presumably, for comparison with the purported signatures on the applications.

Mr. Magers stated that, by his computation, trustor had paid a total, in premium money of $189.24.

Mrs. Williams testified to the effect that she was an intimate friend of trustor and a neighbor for eight or nine years; that they visited frequently; that she was not acquainted with Raymon or Waymon Huff and had never seen them or heard of their being in Kansas City.

Mrs. Turner stated that a Mrs. Washington, trustor's landlady at the time the applications were signed in her house and in her presence, according to the testimony of plaintiff, and who had been subpoenaed, was ill and unable to appear.

Mrs. Slayden stated that she knew trustor well in October and November of 1953; that she was present when applications for insurance on the lives of trustor's brothers were signed; that she heard the conversation concerning the transaction; that no men were present at the time; that the two brothers were not present and that she had never heard of their being in Kansas City at any time.

Defendant's agent, Smith, testified to the effect that he would not have issued the policies had the applicants not actually signed them; that he believed they were in Kansas City at the time visiting Mrs. Turner; and that they were present in the room when the policies were signed.

Since the case was tried to the Court we must give due deference to the opportunity the Court had of seeing and hearing the witnesses testify and, unless the judgment is clearly erroneous, we will sustain it. Gable v. Nilica et al., Mo.App., 336 S.W.2d 718, 722.

All the testimony in behalf of plaintiff was to the effect that Raymon and Waymon Huff were not present at the time the applications were signed and that their whereabouts were unknown to plaintiff, who signed their names to the applications, with the knowledge of defendant's agent who advised her that it was proper and legal for her to do so. The only conflicting testimony came from defendant's agent, Smith. The Court also had the opportunity to compare the purported signatures with others made by plaintiff in the Court's presence. The Court believed the testimony of plaintiff and her witnesses and found the issues in favor of plaintiff on Count two of the

petition and found that said policies were void *ab initio* and entered judgment for plaintiff and against the defendant on said second Count in the sum of $172.24, together with interest, in the amount of $15.50, a total of $187.74.

We cannot say that the judgment is erroneous or against the weight of the evidence.

The Court found that neither Raymon nor Waymon Huff signed any application for insurance, or authorized plaintiff or anyone else to do so, or even knew, then or thereafter, that said applications were signed and policies issued thereon. Therefore the alleged contracts of insurance never existed and the policies were void *ab initio*. Byrne v. Prudential Ins. Co. of America, Mo.App., 88 S.W.2d 344, 346–347; Sells v. Fireside Life Ass'n, Mo.App., 66 S.W.2d 955, 956. This is the rule except as to children.

Since no valid contract existed, plaintiff's money paid as premiums actually purchased nothing. She received no consideration in return for her money and was entitled to its return in this action. An insurance company may not charge a premium covering any period of time in which there is no insurance. Schuerman v. General American Life Ins. Co., 232 Mo. App. 352, 106 S.W.2d 920, 922.

The trustee could properly maintain this action in his name. Mager v. National Life & Accident Ins. Co., Mo., 329 S.W.2d 752, 758.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.