ARKANSAS BLUE CROSS & BLUE SHIELD *v.*
Loretta LONG

90-41                                          792 S.W.2d 602

Supreme Court of Arkansas
Opinion delivered July 16, 1990

*Wilson & Castleman,* by: *Bob Castleman*, for appellant.

*Henry, Walden & Davis*, by: *Troy Henry*, for appellee.

STEELE HAYS, Justice. This case concerns insurance coverage: the question on appeal is whether an exclusion of the policy is against public policy.

The appellee, Loretta Long, was hospitalized after experiencing gastrointestinal complaints. She was covered under a group health insurance plan carried by her employer with appellant, Arkansas Blue Cross and Blue Shield.

Appellee was admitted on Monday, June 8, 1987, to the Methodist Hospital in Jonesboro, Arkansas, where x-rays and tests were administered in order to diagnose the appellee's condition. On June 15, a cholecystectomy was performed and appellee experienced minor complications in her recovery, including a fluctuating temperature. Appellee's treating physician, Dr. Bradley, was monitoring her condition and temperature and on Friday, June 19, he told appellee he would be away for the weekend, but that Dr. Sanders would take over for him. Dr. Bradley told appellee if her temperature was normal she could leave the hospital the next day.

Next morning appellee's temperature was normal in the early morning but later it was 100° F and Dr. Sanders declined to release her. Appellee insisted on leaving because of the expense and because she had a child at home that needed tending. She was finally discharged but only after signing an "Against Medical Advice Release" form for the hospital.

Thereafter Blue Cross paid some of the medical bills until the file was reviewed and it was discovered that appellee had left the hospital, against medical advice (AMA). Because of the AMA discharge, Blue Cross denied payment for any costs of treatment *prior* to discharge, relying on an exclusion in the policy. Blue Cross asked for and received refunds of monies paid to some but not all of the medical providers. Appellee then filed this lawsuit claiming Blue Cross wrongfully denied coverage.

The case was tried before a jury but at the conclusion the trial court granted plaintiff's motion for a directed verdict, holding that the policy exclusion was against public policy. Judgment was entered for the appellee and appellant brings this appeal.

The policy exclusion in question provides:

No benefits or services of any kind are provided under this certificate for:

A. ******

B. ******
************

Q. No benefits are provided for inpatient services where you terminate such inpatient admission against medical advice.

Blue Cross reads the provision to permit denial of payment for any services received before as well as after an AMA discharge. Relying on the exclusion, Blue Cross contends it is not required to pay any of appellee's expenses prior to her leaving the hospital due to the AMA discharge. (Appellee did not return to the hospital and claimed no additional expenses following her discharge.)

Blue Cross argues that the provision does not violate public policy but rather, promotes an important purpose in encouraging patients to follow the advice of their physicians and in reducing a further burden on the health care system by encouraging patients to remain hospitalized until fully recovered. Blue Cross also urges that "the obvious purpose and rationale for the exclusion is to protect the insurer from uncertain liability which would result from a patient's refusal or failure to follow the doctor's advice."

While those may be worthy purposes, we believe the trial court was not disagreeing with them as such, but, rather, found the means by which Blue Cross was attempting to achieve those aims objectionable. The same goals are as efficiently promoted by a refusal to pay costs incurred *after* an AMA discharge, and because Blue Cross would still have to pay costs prior to a discharge, if it were other than an AMA, the only advantage of such a provision is the deterrent effect on the insured, which we consider tenuous. We agree with the trial court that the provision, when weighed against the consequences for the insured, does not square with public policy.

Moreover, the provision, as Blue Cross would have it operate in this case, works a forfeiture on the insured, and such provisions have not been favored by the courts in any case. 2 G. Couch,

*Couch on Insurance 2d*, (Rev'd ed.) § 15:49 (1984); *Missouri State Life Insurance Co.* v. *Foster*, 188 Ark. 1116, 69 S.W.2d 869 (1934). As we stated in *Foster*,

> Forfeitures cannot and should not be declared when the rights of parties have become vested. . . . We are irrevocably committed to the doctrine that, when liability attaches, no subsequent act of the parties will effect a forfeiture of the policy, unless the contract of insurance by the definite and explicit terms so provides.

This policy exclusion would divest the insured of benefits already accrued, for which no reasonable basis exists. We conclude that the exclusion of benefits prior to an AMA discharge is against public policy. As stated in 10 G. Couch, *Couch on Insurance 2d*, (Rev. ed) § 41:378 (1982):

> The courts must enforce policy conditions in the nature of exceptions or limitations if they do not run counter to statute, are not inconsistent with public policy and are explicit in terms and plain of meaning.

> At the same time, since the insurance business is affected with the public interest, the right of the insurer to incorporate in its contracts such provisions as it may desire, is subject to the limitation that conditions avoiding the policy should not be unreasonable. . . .

For the reasons stated, the judgment is affirmed.