ARKANSAS BLUE CROSS AND BLUE SHIELD *v.*
Jackie BROWN, and Ida Brown, His Wife

CA 90-40                                          800 S.W.2d 724

Court of Appeals of Arkansas
Division I
Opinion delivered December 19, 1990

*Jim Patton*, for appellant.

*Bill R. Holloway*, for appellees.

MELVIN MAYFIELD, Judge. This case involves a dispute over an exclusion clause in an insurance policy.

Ida Brown, appellee, was insured under her husband's group policy with appellant. She underwent heart bypass surgery on December 6, 1986, and, against medical advice, discharged herself on December 19, 1986. The charges for the heart surgery and related expenses prior to her release amounted to $41,905.48. Appellant denied any coverage based upon the following exclusion in the policy: "No benefits are provided for inpatient services where you terminate such inpatient admission against medical advice." Appellees filed suit to force payment of benefits by appellant. The parties stipulated as to coverage and damages, and the appellant moved for a directed verdict. The motion was

overruled, and the case was presented to the jury on instructions which allowed it to determine whether the above exclusion was ambiguous. The jury returned a verdict in favor of appellees. This appeal followed.

In *Arkansas Blue Cross & Blue Shield* v. *Long*, 303 Ark. 116, 792 S.W.2d 602 (1990), a similar situation arose involving the exact policy language at issue here. There, however, the trial judge directed a verdict for the insured on the basis that the exclusion was against public policy. The Arkansas Supreme Court agreed, holding that "the provision, when weighed against the consequences for the insured, does not square with public policy" and noted that the appellant could accomplish its goals by excluding coverage for expenses accruing *after* a discharge against medical advice. The Court also said:

> Moreover, the provision, as Blue Cross would have it operate in this case, works a forfeiture on the insured, and such provisions have not been favored by the courts in any case. 2 G. Couch, *Couch on Insurance 2d*, (Rev'd ed.) § 15:49 (1984); *Missouri State Life Insurance Co.* v. *Foster*, 188 Ark. 1116, 69 S.W.2d 869 (1934). As we stated in *Foster*,

> > Forfeitures cannot and should not be declared when the rights of parties have become vested. . . . We are irrevocably committed to the doctrine that, when liability attaches, no subsequent act of the parties will effect a forfeiture of the policy, unless the contract of insurance by the definite and explicit terms so provides.

> This policy exclusion would divest the insured of benefits already accrued, for which no reasonable basis exists. We conclude that the exclusion of benefits prior to an AMA [against medical advice] discharge is against public policy. As stated in 10 G. Couch, *Couch on Insurance 2d*, (rev. ed) § 14:378 (1982):

> > The courts must enforce policy conditions in the nature of exceptions or limitations if they do not run counter to statute, are

not inconsistent with public policy and are explicit in terms and plain of meaning.

At the same time, since the insurance business is affected with the public interest, the right of the insurer to incorporate in its contracts such provisions as it may desire, is subject to the limitation that conditions avoiding the policy should not be unreasonable. . . .

The above opinion of the Arkansas Supreme Court was handed down after the briefs on appeal were filed in the instant case, and the public policy issue was not raised in the trial court in the instant case. Nevertheless, we think it proper to raise the issue on our own motion. The Arkansas Supreme Court has held that there are circumstances under which it is appropriate for a court to act sua sponte. *Davis* v. *Adams*, 231 Ark. 197, 328 S.W.2d 851 (1959). Also, in Leflar, *Appellate Judicial Opinions* 129 (1974), Dr. Leflar has reprinted portions of a law review article in which the following statements are made:

On occasion the appellate court will recognize in a case a question of public policy which the litigants either through choice or inadvertence have failed to raise. If the question involves a fundamental question of the public policy of the jurisdiction, the court will raise the question and decide the case on the matter.

Vestal, *Sua Sponte Consideration in Appellate Review* 27 Fordham L. Rev. 477, 511 (1959).

The only point presented by the appellant in this appeal is that it was entitled to a directed verdict because the exclusion provision involved in the instant case is not ambiguous. However, we do not think it necessary to discuss that issue. The *Long*, case, *supra*, decided that the very same exclusion is against the public policy of this state. Therefore, we affirm the judgment of the trial court in the instant case because the exclusion, whether ambiguous or not, is against public policy and the judgment appealed from is correct. When the trial court reaches the right result, even on an erroneous theory, we affirm. *See Moose* v. *Gregory*, 267 Ark. 86, 590 S.W.2d 662 (1979); *Mobley* v. *Scott*, 236 Ark. 163,

365 S.W.2d 122 (1963).

Affirmed.

COOPER and JENNINGS, JJ., agree.