## HELEN BAKER v. THE TRAVELERS INSURANCE COMPANY.

(Filed 23 March, 1932.)

Insurance T c—Cancellation of insurance by employer is conclusive where there is no allegation or evidence that cancellation was illegal.

Where an employer's policy of group insurance specifies that it should end as to any employee upon the termination of the employment, or prior thereto upon cancellation by the employer, unless such termination of employment was caused by disability while the policy was in force, and it appears that the employer had terminated the insurance on such employee in accordance with the provisions of the policy: *Held*, in the absence of allegation or proof that the cancellation of the policy by the employer was wrongful or illegal such cancellation is presumed to have been lawful, and the beneficiary of the employee cannot recover thereon for the death of the employee after the policy had thus been canceled.

APPEAL by plaintiff from *Midyette, J.,* at October Term, 1931, of CUMBERLAND. Affirmed.

*A. M. Moore and Herbert Lutterloh for plaintiff.*
*Dye & Clark for defendant.*

PER CURIAM. On 28 May, 1927, the defendant issued to Tolar, Hart and Holt Mills a group life policy of insurance on the life of Troy Baker in the sum of $1,500, payable to Helen Baker, his wife, as beneficiary, if death should occur during the continuance of the policy while the employee was insured thereunder. The employment of Troy Baker with the Tolar, Hart and Holt Mills ended on 1 July, 1930, and he died on 28 November, 1930. The action was begun on 7 April, 1931.

The policy contains the following clauses:

"The insurance of any employee covered hereunder shall end when his employment with the employer shall end, or prior thereto when the employee shall notify the employer to make no further deductions from his pay to apply toward the premium for this insurance, except in a case where at the time of termination of employment the employee shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation of employment for wage or profit. In such case the insurance will remain in force as to such employee during the continuance of such disability for the period of three months from the date upon which the employee ceased to work, and thereafter during the continuance of such disability and *while this policy shall remain in force* until the employer shall notify the company to terminate the insurance as to such employee."

The plaintiff offered evidence tending to show that the insured was "wholly disabled" when his employment ceased. But under the contract the insurance was to be paid if the death of the insured occurred during the continuance of the policy. The plaintiff's evidence is that "the insurance on the life of Troy Baker was canceled 12 September, 1930." The death, therefore, did not occur "during the continuance of said policy." According to her evidence the plaintiff brought suit on a void policy. She argues that the cancellation was effected without authority; but she neither alleged in her complaint that the cancellation was wrongful or illegal nor suggested her purpose to attack it for illegality when she offered her evidence. In the absence of allegation or proof to this effect the cancellation is presumed to have been made lawfully. Judgment

Affirmed.