EARL W. KINGSLAND, APPELLANT, v. MISSOURI STATE LIFE INSURANCE COMPANY, RESPONDENT.—66 S. W. (2d) 959.

Kansas City Court of Appeals. December 4, 1933.

*Crawford & Harlan* for appellant.

*Montgomery, Martin & Montgomery, Allen May* and *Harold D. Knight* for respondent.

SHAIN, P. J.—This action by Earl W. Kingsland, plaintiff, against Missouri State Life Insurance Company, defendant, is based upon a group insurance policy.

The policy in question was issued to the Missouri Pacific Railroad Company, insuring under its provisions the lives of the employees of said railroad and further provided for insurance coverage designated as, "Total Permanent Disability Benefits."

The plaintiff's petition is a plain and concise statement of facts of his cause of action. The defendant answers by setting up provisions of the policy and an allegation of fact upon which it denies liability.

The fact so set up, being an allegation, that the policy by act of the employer of plaintiff had terminated on October 3, 1931, and that by reason of said termination no liability existed.

Plaintiff in reply admits the allegations in first and second paragraphs of defendant's answer and admits to the third paragraph, with exceptions, that will be more clearly set forth in the opinion.

After pleadings were thus made up, the defendant filed a motion for judgment on the pleadings, the same was taken up, considered by the court and the issue was resolved by the court in favor of the defendant and judgment rendered for defendant. From this judgment plaintiff has duly appealed.

Under the pleadings, it stands admitted that the policy was issued about October 1, 1927, that it had been terminated by the act of the employer on October 3, 1931, at midnight, that the plaintiff on June 19, 1931, while an employee, received an injury from which he became totally and permanently disabled and that the policy was at that time in full force and effect. It is further admitted that plaintiff at that time had not reached the age of sixty years, that plaintiff's total and permanent disability was directly due to the injury, that the same had existed for a period of six months or more before the filing of this suit and that the plaintiff had submitted to defendant due proof after six months of total and permanent disability.

The solution of the question presented involves an interpretation

of the "Total Permanent Disability Benefits" clause set forth in defendant's answer. The said clause is as follows:

"Total and Permanent Disability Benefits.—If an employee insured under this policy shall furnish this company with due proof that before having attained the age of 60 years, he or she has become totally and permanently disabled by bodily injury or disease, and that he or she is then, and will be at all times thereafter, wholly prevented thereby from engaging in any gainful occupation, and that he or she has been so permanently and totally disabled for a period of six months, the company will immediately pay to such insured in full settlement of all obligations hereunder as to such insured's life, *the amount of insurance in force hereunder on such insured at the time of the approval by the company of the proof as aforesaid.*" (Italics ours.)

The questions presented herein are indicated by our italics above.

As the policy terminated by the act of the employer less than four months after the injury, it follows that no total and permanent disability of six months duration existed at the time the policy was so terminated.

The plaintiff in his reply presents that the policy issued to his employer does not exclusively govern plaintiff's rights, for the alleged reason that the defendant had issued and delivered to plaintiff a certificate of insurance, which was based upon the group insurance provided for in the policy issued to his employee. It is further contended by plaintiff that, by reason of the issuance of the above alleged certificate of insurance to him, the termination of the policy issued to the employer did not affect his rights based upon his injury occurring in June, when the policy secured for his benefit was in full force and effect. If such a certificate of insurance was issued to this plaintiff, then it became the duty to plead thereon. There should have been some allegation as to the terms and conditions of such certificate that changed or altered the conditions of the policy sued on in this case, or better still, if plaintiff had sued on the alleged certificate of insurance, which he says was issued to him. As the matter stands in the pleading, there is nothing shown that gave to the trial court or that gives to this court any opportunity to ascertain whether said certificate gave to the plaintiff any right other than that expressed in the policy sued upon.

There is nothing in the pleading that points to any exception to the general rule. We must assume that the usual course of notifying employees, that group insurance had been taken out, was followed. [Gallagher v. Simmons Hardware Co., 214 Mo. App. 111, 258 S. W. 16.]

Under the state of pleadings in this case, we must look to the terms of the policy issued to the employer. There is no allegation in the plaintiff's petition that permits us to look elsewhere.

To the solution of the issue herein, there are several principles which must be followed that present such prime law that citation of authority becomes unnecessary. There are principles suggested in the plaintiff's brief and, as applicable to this case, we would state them as follows: If a contract of insurance has any ambiguity the insured is entitled to interpretation most favorable to him. If the language of an insurance contract is susceptible of two meanings, that meaning most favorable to insured must be given. To defeat liability on an insurance contract, there must be cancellation made before the liability attaches. An insurer by its conduct may waive the right on a defense that would otherwise avail.

The issues in this case must be determined with full weight and credit being given to the above principles.

As to a claim of waiver, presented by the appealing plaintiff, we conclude there is no waiver shown. Proof of loss being called for does not constitute waiver, in that the proof when made discloses the fact upon which the defense is based.

The contract of insurance sued upon is a term contract, effective for a certain period of time to-wit: From October 1, 1927, to October 3, 1931. From the admissions in the pleadings the only insurance provided for, other than the six months total disability, is the death of employee. In other words, we must conclude that no accident insurance other than the six months total disability is provided for in the contract; that being true, there is nothing from which we can conclude that the provisions set out in the benefit clause are in conflict with any other provision in the policy whereby we might be called upon to give interpretation to the end of harmonizing. We are, therefore, compelled to give interpretation to the contract as one between the plaintiff's employer and the defendant, and to give to the plaintiff no greater rights than that expressed alone by the clause of the contract under which he has brought his action. There is no power vested in this court to make a different contract than is expressed in the clause in issue, nor do we have power to alter or change the meaning clearly expressed by the words and phrases of the clause. If the clause be plain and unequivocal in its terms, it must stand and must prevail despite any inclination of the court to relieve an unfortunate situation.

The clause of the policy under consideration, we conclude, is clear and unambiguous and susceptible to no double meaning when each word is given its ordinary meaning. Again, there appears no expression or hidden meaning nor any clauses that conflict one with the other. The contract, therefore, will have to be interpreted in full accordance with the plain words used and if the language is clearly to the effect that it shows the facts as stated in plaintiff's petition do not attach liability on defendant prior to the termination of the policy, then the judgment of the lower court must be sustained.

The contract in issue is one between two parties for the benefit of third parties, of which class the plaintiff is one. No doubt exists as to the plaintiff's right to sue, but the rule in such cases is: ''One who sues on a contract made for his benefit must accept the contract as it was made.'' [13 C. J. 712, par. 819.]

After October 3, 1931, there was no contractual relation existing between the defendant and plaintiff's employer. As to that date, October 3, 1931, when by the act of the employer the contract terminated, there is not plead the existence of any fact which can be concluded to be an existing obligation unperformed by the defendant herein prior to termination. In other words, no existing fact is stated in the petition that would have constituted a cause of action against defendant, at the time the employer terminated the contract with the defendant.

The exact issue in this cause had phases *de novo*. No case is cited in the briefs, and we find no case wherein our courts have interpreted as to the provisions of the clause of the contract upon which this suit is predicated. While the point we next present as our conclusion is not definitely raised in the briefs in this case, still, it becomes our duty in matter of pleadings to sustain the judgment of a trial court, if for any reason shown it should be sustained. Our conclusion is, that no cause of action can be stated based upon a contract after it is completely terminated, which could not have been stated as a cause of action on that contract in the lifetime of that contract.

We conclude, further, that the court was correct in giving the judgment in this case, for the reason that the condition precedent to liability is plainly and unequivocally to the effect that no recovery can be had, unless six months total disability had existed prior to the contract having been terminated by the act of the employer.

The counsel of the defendant has presented theories and cited authorities bearing directly and indirectly on the issue herein, which we do not discuss, because we feel that the issue as presented can be determined on those prime principles of law and procedure that we have herein laid down as premises to our conclusions.

Judgment is affirmed. All concur.