MISSOURI STATE LIFE INS. CO. v. HARDIN.

(*Knoxville*, October Term, 1933.)

Opinion filed May 22, 1934.
Designated for publication February 20, 1935.

W. E. MILLER and COX, TAYLOR & EPPS, all of Johnson City, and ALLEN MAY and HAROLD D. KNIGHT, both of St. Louis, Mo., for Missouri State Life Ins. Co.

GEO. N. BARNES and THOS. P. GORE, both of Johnson City, for ESTON C. HARDIN.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a suit on a group policy issued by the Missouri State Life Insurance Company to the American Glanzstoff Corporation for the benefit of its employees. Eston C. Hardin, a young man nineteen years of age, was an employee of the Glanzstoff Corporation and received a certificate direct from the insurance company. Under the terms of said certificate the insurer agreed to pay $1,100 in case of death, or upon the continuous total and permanent disability of insured for six months. The master policy was not introduced in evidence, but it appears from the record that the terms and conditions of the policy and certificate are identical.

The declaration alleges that insured became totally and permanently disabled on March 17, 1930, has ever since continued in that condition, and on account of such illness was unable to continue his employment with the

Glanzstoff Corporation, or to engage in any gainful occupation. The premiums on said certificate or policy were paid by insured up to about the middle of April, 1930. No premiums were paid after that date. The group policy was canceled in December, 1930. Hardin made no claim for benefits until January 7, 1933. He testified that the delay was due to his belief that his disability might not be permanent. There is evidence to support the finding of the court and jury that insured was totally and permanently disabled on March 17, 1930, and that his condition has continued to grow worse. He has tuberculosis, organic heart trouble, and other diseases.

The trial court entered judgment in favor of insured for $1,100. The Court of Appeals reversed the judgment of the circuit court, and dismissed the suit because insured had not complied with the requirements of the certificate in furnishing proof of disability to the insurer. Both parties filed petitions for writ of *certiorari*.

■ The insured contends that the policy was in force on March 17, 1930, at which time it matured. The insurer insists that even though the insured became totally and permanently disabled on March 17, the policy did not mature until at least six months from that date, at which time it had lapsed for failure to pay premiums. Assuming that insured was totally and permanently disabled on March 17, 1930, the policy being then in force, the determinative question is: Was insured under its terms and conditions obligated or required to pay additional premiums? The involved provision of the policy is as follows:

"If the Employee shall furnish the Company with due proof that, before having attained the age of sixty years,

he or she has become totally and permanently disabled by bodily injury or disease, and that he or she is then, and will be at all times thereafter, wholly ·prevented thereby from engaging in any gainful occupation, and that he or she has been so permanently and totally disabled for a period of six months, the Company will immediately pay to the Employee in full settlement of all obligations hereunder, the amount of insurance in force hereunder on the Employee at the time of the approval by the Company of the proofs as aforesaid.''

This policy differs in its terms from those heretofore considered by this court, and so far as we have been advised it has not been construed by any other court. It is unnecessary to cite authority to the effect that a disability may be total without being permanent. It frequently happens that it is difficult to determine whether a disability, though total, will be permanent. To meet this condition the parties have agreed that a total disability shall not be considered permanent for six months, after the expiration of which time the insurer will pay the insured $1,100 upon the submission of proof that the insured has been totally and permanently disabled for six months, and that in the future the insured will be unable to engage in any gainful occupation. But such payment is to be made upon condition that the disability has continued for six months at the date proof of the fact is furnished the company. In the instant case the six months' period expired September 17, 1930, while the policy, as to this employee, had lapsed for failure to pay premium about the middle of April, 1930. Insured became totally disabled on March 17, 1930. According to his testimony, he did not expect his disability to be permanent. If he had recovered within the six months' pe-

riod, no right to benefits would have accrued. It follows that the policy did not mature during the six months' period. But for the six months' provision the policy would have matured on March 17, 1930, and insured would have been entitled to benefits without paying any additional premiums. Suppose that five months subsequent to March 17, 1930, insured had recovered from his disability, and a few days thereafter had been killed in an automobile accident, what answer could have been made to the defense of insurer that the policy lapsed the middle of April, 1930, for failure to pay premiums? If the policy lapsed on that date, then, under its express terms, it was not in force at the end of the six months' period when, if premiums had been paid, the policy would have matured and the employee's right to the face value of the insurance would have accrued. The insured had to keep the policy alive by paying premiums until it matured. This he failed to do, and hence is not entitled to benefits.

■ We are of opinion that the Court of Appeals was in error in holding that notice of proof of disability furnished by insured to the insurer was insufficient. The policy does not specify the character of proof to be furnished nor that it shall be sworn to.

On January 7, 1933, the attorney for insured wrote the insurer as follows:

"In Re: Eston C. Hardin
"Certificate No. 2241

"The above named has employed me to represent him in collecting benefits due him under the permanent and total disability clause of the above certificate.

"He left the employment of the American Glanzstoff Corporation on or about March 17, 1930, on account of

sickness, and since that time he has not been able to engage in any kind of gainful work. He had hopes of recovery, and for that reason has not filed claim before now, but in as much as it appears to be permanent he requests that you furnish him blanks upon which to properly file his claim."

On January 10, 1933, the insurer made the following reply:

"We have your letter of January 7 concerning Mr. Hardin and are at this time looking into the matter. You will hear from us later.

"It should be distinctly understood by all interested parties that in taking this course the Missouri State Life Insurance Company does not admit the validity of any claim, but, on the contrary, reserves every right and defense which it now has or may later ascertain in this respect."

On January 12, 1933, insured's attorney made reply by letter as follows:

"We wrote you on January 7th, and requested blanks upon which to file this claim. In your reply of the 10th, you do not mention this part of our letter and neither do you furnish us blanks upon which to file this claim, and in view of this together with the tone of your letter, we assume liability is denied, and are filing suit on the claim."

Failing to receive an answer, or the blanks asked for, the attorney began legal proceedings on January 20, 1933. The record shows that insurer carries blank forms upon which applications for benefits are made out, and that it customarily furnishes such blanks to its policyholders. In the absence of a request for additional information as to the character of insured's disability, we consider the proof or notice adequate.

■ The following rule announced by this court in *Johnson* v. *Scottish Union, etc., Ins. Co.,* 160 Tenn., 152, 156, 22 S. W. (2d), 362, 363, is peculiarly applicable in this case:

"By the great weight of authority, if the insured attempts to comply with the requirements of a policy as to notice and proofs of loss, the receipt and retention of such a notice or proof of loss by the insurer without objection constitutes a waiver of its right to object thereto as not satisfying the requirements of the policy. Good faith on the part of the insurer requires that it point out the details in which a notice or proof of loss is insufficient under the contract and give the insured an opportunity to correct these defects. Good faith does not permit an insurer to be silent and evasive under such circumstances. 26 C. J., 399; Joyce on Insurance, Sec. 589; *Ligon's Administrators* v. *Insurance Company,* 87 Tenn., 341, 10 S. W., 768; *Home Insurance Co.* v. *Wheatley,* 6 Tenn. App., 580."

In our opinion, the insurer was not concerned as to the nature and character of insured's disability, but remained silent for the reason that it considered the policy had lapsed. The defense of insufficient proof was an afterthought.

■ While the Court of Appeals gave an erroneous reason for its judgment, it reached a correct result; and hence both petitions for writ of *certiorari* will be denied.