SCALE JOHNSON v. MISSOURI STATE LIFE INSURANCE COMPANY ET AL.

(Filed 1 January, 1935.)

**Insurance R c—Held: under provisions of policy, liability under disability clause attached only after such disability had existed six months.**

Where a disability clause in a policy of insurance provides for benefits to insured upon proof of total and permanent disability and that such disability had continued for six months, under plain terms of the policy, disability as defined by the policy must exist for the six-months period before liability attaches to insurer, and where the insurance is not kept in force by the payment of premiums for six months after insured sustained such disability, insured's action on the disability clause is properly nonsuited.

CLARKSON, J., dissents.

APPEAL by plaintiff from *Moore, Special Judge,* at June Term, 1934, of DURHAM.

Civil action to recover on a $1,000 certificate of group insurance issued by defendant to plaintiff, an employee of the B. C. Remedy Company and/or Five Points Drug Company of Durham, N. C.

The certificate in suit contains the following provision:

"If the employee shall furnish the company with due proof that, before having attained the age of sixty years, he or she has become totally and permanently disabled by bodily injury or disease, and that he or she is then, and will be at all times thereafter, wholly prevented thereby from engaging in any gainful occupation, and that he or she has been so permanently and totally disabled for a period of six months, the company will immediately pay to the employee in full settlement of all obligations hereunder, the amount of insurance in force hereunder on the employee at the time of the approval by the company of the proofs as aforesaid."

Plaintiff's total disability began on 1 January, 1931, when he left the employ of the Five Points Drug Company. His brother continued to pay his premiums until 1 March, 1931, when the insurance coverage was canceled, as no further premiums were paid to continue it in force after that date.

Suit was instituted 1 March, 1933.

From a judgment of nonsuit the plaintiff appeals, assigning error.

*A. A. McDonald and W. S. Lockhart for plaintiff.*
*Smith, Wharton & Hudgins for defendant.*

STACY, C. J.   Must the plaintiff's total and permanent disability have existed for a period of six months before liability attaches therefor under the certificate in suit? The answer is, Yes. *Kingsland v. Ins. Co.* (Mo.), 66 S. W. (2d), 959; *Baker v. Ins. Co.,* 202 N. C., 432, 163 S. E., 110.

The same question in principle was presented in the case of *Hundley v. Ins. Co.,* 205 N. C., 780, 172 S. E., 361, where *Brogden, J.,* delivering the opinion of the Court, observed: "It is not deemed relevant to discuss the meaning of the six months' clause or for what reason it was inserted in the contract. It is there in plain English." See, also, *Wyche v. Ins. Co., ante,* 45, 175 S. E., 697; *Ammons v. Assur. Society,* 205 N. C., 23, 169 S. E., 807.

The evidence rendered it proper to dismiss the action as in case of nonsuit.

Affirmed.

CLARKSON, J., dissents.