MISSOURI STATE LIFE INS. CO. *v.* NIDIFFER.

(*Nashville,* December Term, 1934.)

Opinion filed March 20, 1935.

COX, TAYLOR & EPPS and W. E. MILLER, all of Johnson City, for plaintiff in error.

ALLEN, NELSON & ALLEN, of Elizabethton, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Suit by S. Thomas Nidiffer upon a group policy of

insurance issued by the Missouri State Life Insurance Company to the American Bemberg Corporation and the individual certificate issued to Nidiffer.

Verdict and judgment for $1,100 in favor of Nidiffer in the trial court. ˙Reversed and suit dismissed by Court of Appeals. Both parties seek *certiorari*.

The policy contains the following provision:

"If the Employee shall furnish the Company with due proof that, before having attained the age of sixty years, he or she has become totally and permanently disabled by bodily injury or disease, and that he or she is then, and will be at all times thereafter, wholly prevented thereby from engaging in any gainful occupation, *and that he or she has been so permanently and totally disabled for a period of six months,* the Company will immediately pay to the Employee in full settlement of all obligations hereunder, the amount of insurance in force hereunder on the Employee at the time of the approval by the Company of the proofs as aforesaid." (Italics ours.)

The certificate provides as follows:

"The insurance provided by the said policy for the Employee shall terminate at the expiration of the period for which premiums are last deducted by the Employer from the pay of the Employee, or remitted by the Employee to the Employer, unless the Employee shall elect to continue the insurance in accordance with the conversion privilege given on the second page of this Certificate."

Nidiffer became totally and permanently disabled in February, 1930. In September, 1930, he furnished the company proof of total and permanent disability. The last premium payment was in March, 1930, which, al-

lowing for the grace period, caused the policy to lapse for nonpayment of premium in April, 1930. Nidiffer was not, therefore, insured at the end of the six months' period commencing in February, 1930. Before there can be anything due under the policy for total and permanent disability, such disability must have existed for six months. It is only after the expiration of this period that the liability of the company accrues. The certificate specifically provides that the insurance provided for "shall terminate at the expiration of the period for which premiums are last deducted by the Employer." Under this form of policy and certificate, it is necessary that the insurance be kept alive during the six months' period of total and permanent disability, made a condition precedent to the company's obligation to pay.

In *Missouri State Life Insurance Company* v. *Hardin*, 168 Tenn., 340, 78 S. W. (2d), 832, this form of policy was before this court. There, as here, the employee had allowed the insurance to lapse for nonpayment of premiums prior to the expiration of the six months' period of total and permanent disability. It was held: "The insured had to keep the policy alive by paying premiums until it matured. This he failed to do, and hence is not entitled to benefits." The court further said: "If the policy lapsed on that date, then, under its express terms, it was not in force at the end of the six-months' period when, if premiums had been paid, the policy would have matured and the employee's right to the face value of the insurance would have accrued."

Nidiffer's petition for *certiorari* is denied. This disposes of the case, and the questions made on the petition of the Missouri State Life Insurance Company become moot. Therefore its petition for *certiorari* is denied.