**GENERAL AMERICAN LIFE INS. CO. v. JOHNSON et al.**

**No. 2831.**

Court of Civil Appeals of Texas. Beaumont.
Dec. 12, 1935.

Rehearing Denied Dec. 18, 1935.

Smith, Smith & Boyd, of Beaumont, Fulbright, Crooker & Freeman, of Houston, and Cousins & Walker, of Beaumont, for appellant.

O. M. Lord and Geo. E. Holland, both of Beaumont, for appellees.

O'QUINN, Justice.

Leviena Johnson, joined by her husband, brought this suit in the county court at law of Jefferson county, against appellant, General American Life Insurance Company, on a group insurance policy issued to the Texas Laundry Company, a Texas corporation, with its domicile in Beaumont, Jefferson county, Tex., which said insurance policy was issued by the Missouri State Life Insurance Company, and assumed by appellant, and certificate thereunder issued to Eva Johnson, daughter of appellee, the said Eva Johnson at the time of the issuance of the certificate being an employee of the Texas Laundry Company, and in which insurance certificate appellee Leviena Johnson, mother, was named beneficiary, the said certificate insuring Eva Johnson in the sum of $500 against death and against total and permanent disability occurring before insured reached the age of 60 years. Eva Johnson became disabled because of sickness from which she later died. Proof of death was made and demand for payment, which was refused. Prayer for judgment for the amount of the face of the certificate and for 12 per cent damages and an attorney's fee of $250 which was alleged to be reasonable.

Appellant answered by general demurrer, several special exceptions, general denial, and specially (1) that the insurance had expired for nonpayment of premiums before any liability accrued; (2) that, at the time or times when liability could have accrued, insured was not an employee of the laundry company; (3) that due proof of disability or death was not given the insurance company, appellant, within the time required by the policy, or at all; and (4) that the laws of the state of Missouri, and not of Texas, controlled the insurance contract, and under same penalties nor attorney's fees were not recoverable.

The case was tried to the court without a jury, and judgment rendered in favor of appellees for the amount of the policy, $500, damages in the sum of $50 and an attorney's fee of $100. We have the case on appeal from that judgment.

At the request of appellant, the court filed findings of fact and conclusions of law. The court concluded that appellees were not entitled to recover for the death of Eva Johnson, insured employee, for the reason that before her death insurance upon her life had expired because of nonpayment of

premium. The policy and certificate, however, provided for a disability benefit payable to the employee in lieu of the sum payable upon the death of the employee, which could pass to the beneficiary. The court found that Eva Johnson became totally disabled at a time when she was insured, and, based upon this finding, concluded that liability to pay this disability benefit became and was fixed at the time she became disabled, and allowed appellees to recover the amount of such benefits, which were equal to the death insurance, $500. This conclusion is challenged by appellant.

These are the salient facts:

(a) The insurance premiums were payable monthly. The policy provided that the insurance should cease at the expiration of the period for which the premium was last received.

(b) Eva Johnson's insurance was paid up to November 30, 1931. No premiums accruing after that date were paid.

(c) Eva Johnson became disabled on about October 10, 1931, by reason of bodily disease. She was not 60 years of age.

(d) She did not work for the Texas Laundry Company, her employer, but three days, December 29, 30, and 31, 1931, from October 10, 1931, up to her death.

(e) Eva Johnson died on July 6, 1932. About one month after her death, that is, about August 6, 1932, appellees gave appellant notice of her death and demanded payment of the insurance. The notice and proof of death were not in accordance with the terms of the policy, but immediately after receipt of the notice appellant denied liability on the ground that long prior to her death Eva Johnson had ceased to be an employee of the Texas Laundry Company, and that her certificate of insurance had expired in November, 1931, for failure to pay premiums.

The provision in the certificate for disability payment reads:

"Total and Permanent Disability Benefits

"If the employee shall furnish the company with due proof that before having attained the age of sixty years, he or she has become totally and permanently disabled by bodily injury or disease, and that he or she is then, and will be at all times thereafter, wholly prevented·thereby from engaging in any gainful occupation, and that he or she has been so permanently and totally disabled for a period of six months,

the Company will immediately pay to the Employee in full settlement of all obligations hereunder, the amount of insurance in force hereunder on the Employee at the time of the approval by the Company of the proofs as aforesaid. This amount will be paid either in one sum or in installments as hereinafter provided."

Then followed provision for different installments payments. And then: "Any installments remaining unpaid at the death of the Employee shall be payable as they become due to the beneficiary named by the Employee, who shall have the right to commute the remaining payments into one sum on the basis of interest at the rate of three and one-half per cent per annum."

As above. stated, the premiums were payable monthly. The court found that premiums on the policy were paid only up to November 30, 1931, and that no premiums were paid after that date. He further found that Eva Johnson's total disability was sustained on or about October 10, 1931, while she was an employee of the laundry company, and prior to the expiration of the certificate of insurance on November 30, 1931, for failure to pay the premium, and concluded that liability for disability benefits accrued under the terms of the certificate and policy of insurance at the time the total disability was sustained, and that there was no requirement to pay premiums after that date as a prerequisite to recover the disability benefits provided for in the certificate and policy. In other words, the court held that as the certificate was in force on October 10, 1031, and that, as the insured, Eva Johnson, became totally disabled on about October 10, 1031, her disability was received while her insurance was in force, and, under the terms of the policy and certificate, she did not have to continue to pay premiums after that date in order to receive the disability benefits provided in the policy and certificate.

Appellant's first proposition challenges this conclusion, and asserts that, under the terms of the certificate the employee's disability must have existed for six months before proof of same could be made, and that during that time the certificate must have been kept in force by the payment of premiums as provided in the policy.

It is not disputed but that Eva Johnson's disability existed for more than six months before she died, July 6, 1932, and that at no time had she given proof of her disability to appellant. The question here is, Must

her disability have existed for a period of six months before liability attaches therefor under and by virtue of the certificate and policy involved in the suit? For liability to attach, the certificate of insurance must be in force at the time the proof of disability is made. The proof of disability, for the disability benefits to be available, is to be made not sooner than six months after disability occurs, because the disability benefits did not mature and the employee's right to the insurance did not accrue until such time, because if the employee had recovered within the six months' period, no right to benefits would have accrued. Here, under the terms of the policy, the insurance ceased to exist at the end of the period for which the last premium was paid. That was on November 30, 1931. No premiums were paid after that date. So the certificate ceased to be effective after that date. If so, then no cause of action existed.

But it is contended by appellees that, as the certificate was in force on October 10, 1931, when Eva Johnson became disabled, then no payments or premiums were required afterwards to entitle her or her beneficiaries to the disability benefits provided in the policy. We do not agree with this contention. As the disability benefits were to be had only by virtue of the certificate, and as the life of the certificate depended upon the payment of monthly premiums, and these premiums were not paid, it is clear, we think, that, in order to have a right to the disability benefits, the premiums on the policy must have been paid during the six months of disability required before proof of such disability and demand for payment of the benefits could be made. We have not been able to find where this identical policy and certificate has been construed by any of our appellate courts, but there have been decisions in other jurisdictions construing them in line with our conclusion.

In Missouri State Life Ins. Co. v. Hardin, 168 Tenn. 340, 78 S.W.(2d) 832, by the Supreme Court of Tennessee, where an identical policy and certificate, and the very question here discussed, were under consideration, the court said, quoting from paragraph 1 of the syllabus: "Under group policy issued for benefit of employees of corporation, and providing for payment upon continuous total and permanent disability of insured for six months, insured *held required to pay premiums during such six months' period, since policy did not mature and employee's right to face value of insurance did not accrue until such time.*" (Italics ours.) See, also, Johnson v. Missouri State Life Ins. Co., 207 N.C. 512, 177 S.E. 646; Kingsland v. Missouri State Life Ins. Co., 228 Mo.App. 198, 66 S.W.(2d) 959.

A discussion of the other questions presented, in view of what we have said, is not necessary.

From what we have said, it follows that the judgment of the trial court should be reversed, and judgment here rendered for appellant, and it is so ordered.

Reversed and rendered.