**GENERAL AMERICAN LIFE INS. CO. v. RIOS.**

No. 4106.

Court of Civil Appeals of Texas. El Paso. June 26, 1941.

Rehearing Denied Sept. 18, 1941.

Allen May and J. R. Burcham, both of St. Louis, Mo., and Harper MacFarlane and Brooks, Napier, Brown & Matthews, all of San Antonio, for appellant.

G. Woodson Morris, of San Antonio, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of one of the District Courts exercising jurisdiction in Bexar County. The judgment was in favor of Joe Rios, plaintiff, against the defendant, General American Life Insurance Company, in the total sum of $1,520, with interest thereon. The defendant has appealed from such judgment.

The trial was before the court to a jury. The verdict was instructed in favor of the plaintiff.

Before the verdict was instructed the following stipulation was entered into: "Mr. MacFarlane: It is stipulated that in the case on trial, Rios vs. General Amer-

ican Life Insurance Company, the defendant, General American Life Insurance Company, will not require or request that the Court submit to the jury any issues relating to whether or not Joe Rios became totally and permanently disabled on the 10th day of May, 1937, and will not object to the Court's charge for failure to submit such issues, and hereby agrees that the Court may find the issues as to Rios' total and permanent disability without submitting same to the jury. I am not agreeing that there is total and permanent disability, but I am letting the Court find that issue. I will agree that the evidence shows that the premiums were paid on the certificate issued for the benefit of Joe Rios up to the 26th day of July, 1937."

Plaintiff's action was founded on a certificate of insurance issued to him under a group policy issued by appellant to his employer, Ernest A. Stapper, who did business under the name of the Southern Company. Plaintiff sued for $1,000 claimed to be due as a total and permanent disability benefit under the terms of the certificate, and in addition for penalty, interest and attorney's fees.

The answer of defendant was, in brief, that no total and permanent disability benefits became effective under the terms of the certificate while the certificate was in effect.

On January 25, 1929, Ernest A. Stapper, doing business as the Southern Company, applied to Missouri State Life Insurance Company for the group life insurance policy to insure the lives of the employees of his Company; on February 1, 1929, the Insurance Company issued the policy in question. It is deemed necessary to set forth the material portions of this policy:

"The Missouri State Life Insurance Company

\* \* \* \* \* \*

"By This Policy Agrees to Pay subject to its terms and conditions, the amount determined by the Plan of Insurance hereinafter contained immediately upon receipt of due proof of the death of any employee (herein called the Insured) of

The Southern Company

(Herein called the Employer)

of San Antonio, County of Bexar, State of Texas.

"Plan of Insurance

"The amount of insurance on any Employee insured hereunder, and the date on which said insurance shall become effective, shall be determined as follows:

"Each employee who has completed one month of continuous service with the Employer will be insured in accordance with the following schedule upon presentation to the Company of satisfactory evidence of his or her insurability:

"Mexican & Colored Employees $1000.00"

"Employees Insured—Employees are automatically insured in accordance with the terms of the Plan of Insurance on Page One, subject to the terms of this policy.

"The Employer shall furnish the Company with the names of all Employees as they become eligible for insurance hereunder, with the information as to each necessary to determine the age, the amount of insurance, and the effective date of the insurance.

"Termination of Insurance—The insurance on any Employee shall cease upon the termination of his employment, except as hereinafter provided. If an Employee is disabled, given leave of absence, or temporarily laid off, the employment need not be considered terminated, unless the Employer shall so elect.

"The employer shall notify the Company of all Employees whose employment shall terminate and also the dates of the termination of their employment.

"Premiums—All premiums are payable in advance at the Home Office of the Company, but may be paid to an authorized Agent of the Company upon delivery of a receipt signed by the President or Vice President, and countersigned by said Agent. If any premium shall not be paid when due, this policy shall terminate except as hereinafter provided."

"Total and Permanent Disability Benefits—If any Employee insured under this policy shall furnish the Company with due proof that before having attained the age of 60 years, he or she has become totally and permanently disabled by bodily injury or disease, and that he or she is then, and will be at all times thereafter, wholly prevented thereby from engaging in any gainful occupation, and that he or she has been so permanently and totally disabled for a period of six months, the Company will immediately pay to such Insured in full settlement of all obligations hereunder as

to such insured's life, the amount of insurance in force hereunder on such Insured at the time of the approval by the Company of the proofs as aforesaid. This amount will be paid either in one sum or in installments as hereinafter provided. * * *"

"Individual Certificate of Insurance and Conversion of Privilege—The Company will issue to the Employer for delivery to each Employee whose life is insured under this policy, an individual certificate setting forth a statement as to the insurance protection to which he is entitled and to whom payable. Any Employee of the Employer covered under this group policy shall, in case of the termination of employment for any reason whatsoever, be entitled to have issued to him by the Company without evidence of insurability upon application to the Company made within thirty-one days after such termination and upon the payment of the premium applicable to the class of risks to which he belongs and to the form and amount of the policy at his then attained age, a policy of life insurance in any one of the forms customarily issued by the Company, except term insurance, in an amount equal to the amount of protection under such group insurance policy at the time of such termination."

It was contemplated that the employer should pay all premiums under the group policy, but later Stapper changed this arrangement, and while he paid the premiums due to the Insurance Company, the premiums so paid were deducted by him from the wages of his employees.

The appellant took over the policy from the Missouri State Life Insurance Company.

January 6, 1937, plaintiff applied to the defendant for insurance under the group policy; on January 9th he was accepted and a certificate of insurance in the principal sum of $1,000 was issued to him. All premiums due on this certificate were paid by plaintiff to his employer and by his employer to defendant up to and including July 26, 1937, and said policy was undisputedly in force up to that date.

On the 10th day of May, 1937, plaintiff became totally and permanently disabled within the coverage of the policy. This statement is made in view of the stipulation heretofore quoted herein. But for that stipulation the commencement, duration and character of such disability might

have been an issuable fact before the jury. The policy was in force as to the plaintiff from the date of the issuance of his certificate to the 26th of July, 1937.

On September 17, 1937, the employer (the Southern Company) notified defendant that the employment of plaintiff had terminated. No premiums were paid by the employer or by plaintiff on or subsequent to July 26, 1937.

We think the following summarizes the position of defendant on this appeal:

Plaintiff suffered total and permanent disability within the coverage of the policy while same was in force; he cannot recover herein because he failed to pay the premiums for the six months ensuing after the beginning of such total and permanent disability. Further, that he cannot recover because he was not an employee at the time the liability on the policy would have matured had the premiums necessary to keep same in force been paid.

Plaintiff's position may be summarized as follows:

Where total and permanent disability begins while the policy is in force and liability is thereby created, the only condition to the maturity thereof is filing with the insurer proof of the prior existence of such disability for a period of six months.

In support of its construction of this policy defendant lays much stress on the following portion of the above quoted total and permanent disability benefit provision thereof: "The Company will immediately pay to such insured in full settlement of all obligation hereunder as to such insured's life the amount of insurance in force hereunder on said insured at the time of the approval by the Company of the proofs as aforesaid."

The contention is that by failure to pay the premiums for the entire six months previous to the beginning of a disability no insurance was in force as to him at the time he filed his proof of disability.

In the case of General American Life Insurance Co. v. Johnson, 88 S.W.2d 535, a policy containing provisions identical with the instant policy was construed by the Beaumont Court of Civil Appeals. The construction of this policy was in accordance with the contentions of defendant here. A writ of error was dismissed by the Supreme Court in the case. The case, however, originated in the County Court.

■ Despite our high regard for that Court and the ability of the Judge writing the opinion for the Court, we believe the question involved deserves a careful re-examination. If after such careful re-examination our views do not coincide with those expressed in that opinion it is our duty to clearly announce our disagreement therewith.

In support of the holding of General American Ins. Co. v. Johnson, supra, the cases of Missouri State Life Ins. Co. v. Hardin, 168 Tenn. 340, 78 S.W.2d 832; Johnson v. Missouri State Life Ins. Co., 207 N.C. 512, 177 S.E. 646; and Kingsland v. Missouri State Life Ins. Co., 228 Mo. App. 198, 66 S.W.2d 959, are cited.

In the Tennessee case cited the question is disposed of as though it were one of first instance. On the question involved here not a single authority is either cited or discussed. The Court did not have the advantage of prior holdings. The opinion states, "This policy differs in its terms from those heretofore considered by this court, and so far as we have been advised it has not been construed by any other court." [168 Tenn. 340, 78 S.W.2d 833.]

The case of Johnson v. Missouri State Life Ins. Co., supra, does support the holding in the Beaumont case. That case, as does the Beaumont case, cites the case of Kingsland v. Missouri State Life Ins. Co., supra, likewise Baker v. Travelers' Insurance Co., 202 N.C. 432, 163 S.E. 110; Hundley v. Metropolitan Insurance Co., 205 N. C. 780, 172 S.E. 361. There is no discussion of the principles involved. The question is stated as follows: "Must the plaintiff's total and permanent disability have existed for a period of six months before liability attaches therefor under the certificate in suit?" The question is categorically answered "yes." In direct support thereof are cited: Kingsland v. Missouri State Life Ins. Co., supra, and Baker v. Travelers' Insurance Co., supra. In Kingsland v. Missouri State Life Ins. Co., supra, the provision is exactly the same as the one in the Beaumont case and the one we have under consideration here.

In Baker v. Travelers' Insurance Co., supra, there are no authorities cited. The provision, which is not exactly the same as the provision we have here, is set forth and a construction thereof made in accordance with the contention of the defendant here.

Kingsland v. Missouri State Life Ins. Co., 228 Mo.App. 198, 66 S.W.2d 959, is among the early cases on this question. The provision in question is the exact provision we have in question in the instant case, and in the case of General American Life Ins. Co. v. Johnson. It is disposed of as a question of first instance. It directly sustains defendant's position here and the holding of the Beaumont case. However, this case was expressly overruled by the same Court rendering the opinion. See Schuerman v. General American Life Ins. Co., 232 Mo.App. 352, 106 S.W.2d 920, 921. The opinion in that case, referring to the identical provision we have under consideration here, says:

"We are unable to agree with defendant's contention. If the policy provided for six months total disability insurance there might be merit in the contention, but it does not so provide as it expressly states that it is insurance against permanent disability. The six months' provision provides merely for a testing period as to the character of the disability as to its permanency. As stated in Paul v. Missouri State Life Ins. Co., 228 Mo.App. 124, 52 S.W.2d 437, 439, 'The six months' clause was for the purpose of determining, if possible, the reality of the disability, and, if at the end of that time it appeared with reasonable certainty that the disability would last for life, then the company obligated itself to pay.'"

In the course of the opinion it is reasoned that any other construction would involve great hardship. In substance, it is stated that in case permanent disability should ensue during the last six months of such a policy, that then the employee would be absolutely unable to comply with the condition of the policy if it were necessary that it be in force for six months subsequent to the beginning of the total permanent disability.

■ We take it that it is fundamental an obligation or a liability may be in existence and unmatured. It is likewise a canon of construction that an insurance policy, if the provisions thereof are in any way ambiguous, a construction in favor of the insured is to be adopted. Missouri State Life Ins. Co. v. Compton, Tex.Civ. App., 73 S.W.2d 1079; Pan-American Life Ins. Co. v. Welch, Tex.Civ.App., 74 S.W. 2d 408.

A citation of authority on the proposition announced is not thought necessary,

and the two cases cited in support thereof are cited for the further reason that they are deemed to have some bearing on the other issues herein involved.

It is true, that in Missouri State Life Ins. Co. v. Compton, supra, it was held that the premiums were tendered to the employer by the employee for the period in question. Hence there could be no forfeiture.

In the case of Pan-American Life Insurance Co. v. Welch, supra, the provision of the policy was somewhat different. There, proof of loss might be made immediately upon the beginning of the disability, but payment was not due for ninety days after the filing of the proof of loss.

We can see no essential difference between a provision postponing filing of the proof of loss for a given period and a provision postponing the date of payment for a definite period from the filing of the proof of loss. In our opinion each provision is intended to serve the same purpose. This is an investigation of the verity of the disability, existence of total disability or a disability claimed to be permanent, it is a sort of testing period thereof. During that period there is an opportunity to discover the nature of the affliction and whether it will probably continue. However, we do not wish to be understood as stating that the opinion of necessity conflicts with the subsequent holding in General American Life Ins. Co. v. Johnson, supra.

■ A construction of a group policy that would place the employee at the mercy of the employer is to be avoided if possible. Shea v. Ætna Life Ins. Co., 292 Mass. 575, 198 N.E. 909.

■■ This insurance was not a gratuity to the plaintiff. The defendant knew, that while it received the premiums through the employer, plaintiff was paying same. The coverage of the policy here was for death or total permanent disability. This coverage was alternative. If total disability ensued, the benefit therefor was in lieu of and in complete satisfaction of the coverage for death.

That there is some ambiguity in the construction of this provision is evidenced by the fact that there is conflict among the courts with reference thereto. In several of the cases construing this provision, or similar ones, there are frequent dissenting opinions.

As we have stated, the coverage of the policy was alternative. It was for death and for permanent total disability. Under the construction urged by defendant a different premium is charged for a death coverage from that charged for a disability coverage. In case of death the insurance became immediately due upon the filing of the proof of loss; in case of total permanent disability six months premiums additional must be paid.

It occurs to us that it would not be an unreasonable construction for the insured, if he believed he had suffered a permanent incapacity, to believe that that discharged him from the payment of other premiums. He could not continue his employment. It might be that he ran a risk if he was not correct in his assertion as to total and permanent disability. But if his assumption was correct, is there any good reason why he should not receive the benefits for which he has paid? It might be said that the six months intervening after the beginning of the total permanent disability had not been paid for. In this case it had at least been in part paid for. But if the obligation of the plaintiff was to pay for the entire six months, then a partial payment would avail him nothing. The judgment in no event could be affirmed. If he had paid for the six months ensuing after the disability accrued, for what would he have been paying? Paying for indemnity for loss of capacity that had already occurred.

It is urged that the case of Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416, is conclusive here. We think not, because in that case the policy provided in language that was clear and unmistakable for the continued payment of the premium up to the filing of the proof.

The occurrence of the disability fixed the obligation to pay the disability benefits; filing of proof fixed the time of payment. Kimel v. Missouri State Life Ins. Co., 10 Cir., 71 F.2d 921.

The reasoning of the opinion in Shea v. Ætna Life Ins. Co., supra, appeals strongly to us. In that case the Supreme Court of Massachusetts was considering a provision substantially as we have in this case. It was there said [292 Mass. 575, 198 N.E.914]:

"These provisions must be construed reasonably. And it would be unreasonable to construe them as meaning that the liability to pay disability benefits under the contract

196

does not attach until after total disability has existed for a period of six months since, on that construction, the employee would not be insured against a total disability beginning at any time during the last six months of the term of the insurance contract, and it would be possible for the employer in every case, by terminating the employment because of the total disability of the employee and cancelling the insurance because of such termination of employment, to deprive the employee of benefits under the insurance contract on account of such total disability. See Murray v. Metropolitan Life Ins. Co., 145 Miss. 266, 285, 286, 110 So. 660; Smithart v. John Hancock Mutual Life Ins. Co., 167 Tenn. 513, 521, 522, 71 S.W.2d 1059.

\* \* \* \* \* \*

"The evidence tended to show that the employer attempted to cancel the insurance because of the previous termination of the plaintiff's employment. If, however, as could have been found, the plaintiff became totally and permanently disabled while employed by the employer and while the insurance contract was in force, the liability for disability benefits then attached and the employer could not thereafter cancel such insurance because of the termination of the plaintiff's employment, at least where, as could have been found, such employment was terminated by reason of the plaintiff's total disability. Prudential Ins. Co. v. Cox, 254 Ky. 98, 71 S. W.2d 31; Murray v. Metropolitan Life Ins. Co., 145 Miss. 266, 110 So. 660; Turley v. John Hancock Mutual Life Ins. Co., 315 Pa. 245, 249, 173 A. 163."

We think the right of the plaintiff became vested upon the beginning of his total and permanent disability while the policy was in force. There is no question here but the policy was in force on that date; that no cancellation of the policy attempted after the vesting of the right could affect same. The vested right was to payment of the benefits provided for in the policy, upon filing proof that such total disability had continued for six months and was and had been from its beginning permanent. Further, it was not conditioned on payment by his employer or by him of premiums during the period elapsing between the time of the beginning of the disability and the time he might under the policy file proof thereof.

There is no question but what there is a division of authority upon this question.

It is with extreme reluctance that we decline to follow the case of General American Life Insurance Co. v. Johnson, supra, but we feel we cannot do so. Our course will, no doubt, result in an authoritative determination of this rather important question.

As supporting our conclusions herein in a general sort of way we desire to cite the following cases: Missouri State Life Ins. Co. v. Foster, 188 Ark. 1116, 69 S.W.2d 869; Smith v. Mutual Life Ins. Co., 188 Ark. 1111, 69 S.W.2d 874; Prudential Ins. Co. v. Cox, 254 Ky. 98, 71 S.W.2d 31; Travelers' Ins. Co. v. Sanders, 47 Ga.App. 327, 170 S.E. 387; I Joyce on Insurance, 2nd Ed., pp. 588, 589.

The judgment is affirmed.