

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXXX~~

**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Honorable Will Mann Richardson
Assistant Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-4353
Re: Corporations - Sections 2 and 9
of Article 1302, R.C.S.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"We are enclosing herewith an application for a charter for the Zion Lutheran Social Association marked 'Exhibit B'.

"You will note that in the preamble of the charter it is stated that a corporation wishes to come under the provisions of chapter 9 of Title 32 of the Revised Civil Statutes, 1925. The purpose of the corporation is stated to be a benevolent one 'The maintenance, operation, acquisition and control of recreational facilities for the exclusive benefit of and in the interests of its members and for which no profit shall accrue to the corporation'. We have advised the incorporators that the corporation could be formed under Subdivision 9 of Article 1302 as a sports club paying the $50.00 filing fee and the annual franchise tax.

"Attorneys for the incorporators, however, insist that on the basis of the case of Evans, et ux v. Southside Place Park Association, 154 S.W. 2d, 194, that the corporation is of such a benevolent character that it should be exempt from franchise tax and should pay only the $10.00 filing fee. We call your attention to the fact that the purpose clause contains the provision 'for the exclusive benefit of and in the interest of its members'.

"We would appreciate an opinion from your Department as to whether such a corporation

should pay the $50.00 filing fee and annual
tax, or whether there is such a benevolent
corporation as should be exempt from tax and
pay only the $10.00 filing fee."

The case of Evans, et ux v. Southside Place Park Asso-
ciation, 154 S.W. (2d) 914, referred to in your letter, is
not in point and does not touch the question involved in your
request.

It is our opinion that the proposed corporation can-
not be chartered under Subdivision 2 of Article 1302, Revised
Civil Statutes, as a "benevolent" corporation. See authorities
cited in opinion No. 0-3991 of this department, a copy of which
is enclosed herewith for your information.

It is our further opinion that the proposed corporation
cannot be incorporated under Section 9 of Article 1302, R.C.S.,
as an "Innocent sports" corporation. See authorities cited in
opinion No. 0-2866 of this department, a copy of which is en-
closed herewith for your information. See also the case of
Smith v. Wortham, 157 S.W. 740, (Sup. Ct. of Texas). Also see
opinion of this department dated March 7, 1933, written by
Honorable Pat Dougherty, Assistant Attorney General of Texas,
Vol. 344, pages 184-5, Letter Opinions of the Attorney General
of Texas, which holds that the purpose clause in the charter of
a corporation under Section 9 of Article 1302, R.C.S., should
specifically name the "Innocent sport or innocent sports" to
be sponsored and that the Secretary of State should disapprove
the charter of a proposed corporation applying under said sec-
tion to "support, sponsor and encourage innocent sports among
its members such as wrestling, boxing and various other and
similar sports for the amusement of its members".

Since the proposed corporation cannot be legally charter-
ed under either Section 2 or Section 9 of Article 1302, R.C.S.,
your question with reference to fees and franchise taxes there-
fore becomes moot.

Yours very truly
ATTORNEY GENERAL OF TEXAS

WJF:GO:wc

APPROVED FEB 10, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

Approved Opinion Committee By BWB Chairman