Bobby D. CHRISTIAN, Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY, an Insurance Company, Appellee.

No. 46892.

Supreme Court of Oklahoma.

July 5, 1977.

Clyde A. Muchmore, Loyal J. Roach, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellee.

Bill A. Pipkin, Moore, for appellant.

DOOLIN, Justice.

Bobby Christian filed a petition in district court against Metropolitan Life Insurance (Company) asking for a declaratory judgment pursuant to 12 O.S.1971 § 1651. He sought a determination of the amount of benefits due to him under a long term disability insurance policy issued by Company. The group policy, insuring employees of the Dowell division of Dow Chemical Company (Dow), provided for monthly payments of 50% of an employee's monthly salary in the event an employee became permanently disabled. The payments would commence six months after the injury causing the disability occurred. The policy was non-contributory in that all premiums were paid by Dow.

On May 5, 1970, Christian was injured in the course of his employment resulting in permanent disability from that date. At that time his monthly salary was $700.00 per month. These facts are not contested.

The master policy issued, in the fall of 1967, provided in pertinent part:

1. The amount of monthly benefits shall be an amount equal to 50% of employee's base monthly earnings as determined by the employer, not to exceed $2,500.00

2. When it was shown that employee's disability had existed for a period of six months, company would pay employee his monthly benefit for an initial period of 24 months.

3. The payment of monthly benefits was made subject to certain reductions. Two of these reductions are relevant.

"(b) The amount of any weekly or monthly benefits paid or payable to the Employee for time lost from work under any workmen's compensation or oc-

cupational disease law, or from any fund, other insurance, or other arrangement, provided or established in conformity with any state or other governmental disability or cash sickness benefit law, and

"(c) The amount of Social Security Benefits to which the Employee is (or upon making timely and proper request and submitting due proof would be) entitled by reason of his disability."

The policy also provided that in no event would the rate of monthly benefits after these adjustments be less than $50.00 monthly.

In January of 1970, Dow and Company entered into negotiations to revise this master policy of insurance. On January 22, 1971, the modification was finally executed by Company and Dow. The modification was made retroactive to January 1, 1970 and eliminated the $50.00 minimum payment.

Christian had petitioned the Oklahoma Industrial Court for workmen's compensation benefits and was awarded compensation for 200 weeks at $42.50 per week. Thereafter a joint petition was entered into commuting this award to a lump sum of $15,000.00. Christian also received monthly social security benefits commencing six months after his injury.

In his petition for a declaratory judgment, Christian claimed that beginning November 5, 1970, Company was liable to pay him $350.00 per month less any benefit received from workmen's compensation or social security, but not less than $50.00 per month. He further alleges because he was awarded his workmen's compensation in a lump sum, and did not receive the social security payments until six months after his injury, there should be no reduction of his benefits under the policy.

Company answered denying it was liable to Christian in any amount and counterclaimed for reimbursement of payments it had already made to Christian before being informed of his workmen's compensation award.

The trial court fixed the amount to be deducted from his benefits of $350.00, as $184.17 for workmen's compensation and $161.00 per month for social security, leaving a total of $4.83 owed to Christian each month. The trial court further found there was no minimum monthly liability due to him under the policy, and granted judgment to Company on its counterclaim.

Christian is appealing the trial court's judgment on the three following propositions.

1. Company may not deduct from his monthly payments workmen's compensation award because it was paid to him in a lump sum rather than monthly, thus monthly deduction called for in policy does not apply.

2. Company may not deduct from his monthly payments the social security benefits he receives. He submits the social security benefits were not payable until six months after his injury, thus he was not "entitled" to payments as required by the policy provision above quoted.

3. In the event the court finds against him on the above two propositions he is still entitled to a minimum payment of $50.00 per month, because modification of policy was not in effect at time the insurance accrued.

■ Propositions I and II are without merit. Workmen's compensation benefits except death and disfigurement are weekly benefits. 85 O.S.1971 § 22 allows the Industrial Court in its discretion to commute a weekly award to a lump sum. Christian was granted a weekly workmen's compensation award. He should not be able to defeat the provisions of the policy by commuting his award to a lump sum payment.

■ Social security benefits by federal statute did not commence until six months after his injury. Christian contends there should not be any deduction for these benefits because on the date of the commencement of his disability (May 5, 1970) he was not "entitled" to receive the benefits because of the waiting period set forth in the social security act. We do not agree. At

the time of his disability he was "entitled" to receive the benefits in six months. Any other interpretation would make the social security reduction provision a nullity. Under Christian's view, the payments would never in any circumstances be deductible despite the manifested intent of the policy.

For these reasons we affirm that portion of the trial court's order pertaining to the reduction of his benefits under the policy.

We come then to the question whether Christian is entitled to a minimum payment of $50.00 per month from Company. The answer depends on whether the modification eliminating the minimum payment became effective before liability under the policy attached.

It is stipulated Christian became totally disabled from date of his injury, May 5, 1970. However, under the terms of the policy, payments were not to commence for six months. Company relies heavily on *Kingsland v. Missouri State Life Ins. Co.,* 228 Mo.App. 198, 66 S.W.2d 959 (1934) which found liability of an insurance company did not attach until payments started six months after injury. In that case the court held, under a policy requiring six months period of total and permanent disability before insured employee was entitled to benefits, insurer was not liable where policy was terminated less than four months after injury. This reliance is misplaced in that *Kingsland* was expressly overruled by the same court in *Schuerman*

*v. General American Life Ins. Co.,* 232 Mo. App. 352, 106 S.W.2d 920 (1937). The court there held insurance matured on the *date of disability* even though the payments were not to commence for six months. This view is in accord with other jurisdictions and we believe it to be the better view.[1]

Modification of insurance contracts is governed by rules applicable to contracts generally.[2] Relations of parties to an insurance policy are contractual and where proceeds are payable to a third person a third party beneficiary contract exists.[3]

No change in manner of payment of benefits after Christian's disability occurred would be binding as to him. A contract made for the benefit of a third person cannot be materially modified or changed by the other parties thereto where the event insured against has already happened.[4] Liability under a long term disability policy such as this attaches at the time an employee is permanently disabled regardless of the date payments will commence. Accordingly we hold insurance policy matured and liability attached on date Christian was permanently disabled, May 5, 1970.

Under Oklahoma law an employer has no right to modify a group insurance policy without the knowledge and consent of the covered employee where such employee has contributed a portion of the premium and thus has become a party to the contract.[5] Some courts take the view that in the case of non-contributory group poli-

1. For example see *Potts v. Travelers Ins. Co.,* 75 Ohio App. 401, 62 N.E.2d 583 (1944) where the court held an insurer's attempt at cancellation of employee's group life policy, providing for total permanent disability benefits, after employee became totally and permanently disabled but before insurer received proof of such disability did not necessarily remove its liability. The court in *General American Life Ins. Co. v. Rios,* 154 S.W.2d 191 (Tex.Civ.App.1941) held an insured's right to benefits became vested upon beginning of total and permanent disability while policy was in force. He was not divested of that right by fact policy did not remain in force until expiration of six months waiting period. The court categorized the six months waiting period as merely a testing period as to character of disability as to its permanency.

2. *American Building Maintenance Co. v. Indemnity Ins. Co. of North America,* 214 Cal. 608, 7 P.2d 305 (1932); *Taylor v. New York Life Ins. Co.,* 324 F.2d 768 (10th Cir. 1963).

3. See *Shaw v. John Hancock Mutual Life Ins. Co.,* 120 Conn. 633, 182 A. 472 (1936); *Ericson v. Hill,* 109 Ga.App. 759, 137 S.E.2d 374 (1964).

4. See *Wright v. Prudential Ins. Co. of America,* 27 Cal.App.2d 195, 80 P.2d 752 (1938); see also *Liner v. Travelers' Ins. Co.,* 50 Ga.App. 643, 180 S.E. 383 (1935).

5. *Aetna Life Ins. Co. v. Wilson,* 190 Okl. 363, 123 P.2d 656 (1942).

cies such as this, such policies being mere gratuities, an employer may modify the policy without the consent of the employee.[6] Where the modification occurs *before* liability under the policy attaches, the insurer may be released. But if the modification occurs *after* liability has attached, a beneficiary may not be deprived of his rights under the policy.[7] To defeat Christian's claim, it must be shown the modification was made before May 5, 1970.

Company and Dow had been negotiating a modification of the policy since December of 1969. The parties stipulated that the modification was not completed and executed until January of 1971. Company in its brief states final approval of the modification occurred July 27, 1970. Either of these dates is subsequent to the onset of Christian's disability in May of 1970.

Rights of parties become fixed at time liability attaches under an insurance policy. Christian is a third party beneficiary of the insurance policy and after liability of Company attached at time he became disabled, neither Company nor Christian could do anything which would alter his rights as a third party beneficiary of the policy.[8] When Christian became permanently disabled at the time of his injury, Company became liable to pay him his benefits if the disability continued for six months.

The attempt to make the modification retroactive to January 1, 1970 fails and cannot affect the rights of Christian which had already vested. If a third party beneficiary meets the conditions prescribed by the contract so as to entitle him to the benefits created by the same, then the parties can-

not modify or change the terms in a manner that will affect the rights of the beneficiary.[9] Company had no right to cut off Christian's vested right to payment by retroactively modifying the policy to eliminate his right to minimum payment. We therefore hold Christian is entitled to payment of a minimum of $50.00 per month from Company under the terms of the insurance policy.

The trial court is affirmed in part and reversed in part and remanded to trial court for a determination of the amounts owed to Christian not inconsistent with the views herein expressed.

All the Justices concur.

---

**6.** *Phillips v. Great Nat. Life Ins. Co.*, 226 S.W.2d 660 (Tex.Civ.App.1948). Oklahoma however has recently taken a different view of employees rights under employee benefits plans, *Graham v. Hudgins, Thompson, Ball and Associates, Inc.*, 540 P.2d 1161 (Okl.1975) and *Dangott v. ASG Industries, Inc.*, 558 P.2d 379 (Okl.1976) this Court gave recognition to the gradual trend away from the gratuity theory of benefit plans.

**7.** See *Curtis v. Zurich General Accident & Liability Ins. Co., Limited, of Zurich, Switzerland,* 108 Mont. 275, 89 P.2d 1038 (1939); *Myers v.*

*Kitsap Physicians Service,* 78 Wash.2d 286, 474 P.2d 109 (1970).

**8.** *Worthan v. Ohio Casualty Insurance Company,* 535 P.2d 1025 (Okl.Ct.App.1974); In accord *Mid-Continent Life Ins. Co. v. Christian,* 164 Okl. 161, 23 P.2d 672 (1932).

**9.** In accord *Donaldson & Yahn v. Benight,* 105 Okl. 108, 232 P. 116 (1924); *Plunkett v. Atkins,* 371 P.2d 727 (Okl.1962). Also see *Safeco Ins. Co. v. Dairyland Mutual Ins. Co.,* 74 Wash.2d 669, 446 P.2d 568 (1968).