PAUL E. DANIELSON, Associate Justice | Appellant Shelter Mutual Insurance Company (Shelter) appeals, from an order of the Miller County Circuit Court granting summary judgment in favor of Appel-lees Michael Goodner and Robbie Goodner and specifically finding that depreciation of labor in the calculation of actual cash value is - against Arkansas public policy. On appeal, Shelter argues that the insurance policy at issue unambiguously provided for depreciation .of labor and that the practice of depreciating labor does not violate any principle of indemnity or Arkansas law. We affirm the circuit court’s ruling. The facts are not disputed. The Good-ners’ property in 'Texarkana, Arkansas, was insured under a Mobile Homeowners Insurance Policy (the policy) issued by Shelter. The policy provided that, in the event of a covered loss, Shelter would pay the Goodners “the actual cash value of all the damaged parts of the covered property” or the limit of liability, |2whichever was less. • (Emphasis in original.) The policy defined “actual cash value” to mean “total restoration cost less depreciation.” (Emphasis in original.) The policy defined “depreciation” as follows: Depreciation means the amount by which any part of the covered property which must be replaced has decreased in value' since it was new. The condition, age, extent of use, and obsolescence of the property will be considered in determining depreciation. When calculating depreciation, we will include the depreciation of the materials, the labor, and the tax attributable to each part which must be replaced to allow for replacement of the damaged part, whether or not that part is damaged. (Emphasis in.original.) On or about July 9, 2012, the Goodners’ property incurred a loss covered by the policy. Shelter estimated the total restoration cost to be. $10,319.23. With a deduction in the amount of $3,397.24 for depreciation, the estimated actual cash value came to $6,921.99. Shelter made a payment of" $6,921.99 to the Goodners—the estimated actual cash value, less their $1,000 deductible. It is undisputed that the deduction for depreciation included depreciation of both materials and labor. On August 12,2014, the Goodners filed a petition for declaratory judgment, seeking a declaration that Shelter violated Arkansas law and public policy by depreciating labor costs in calculating the actual cash value of the covered.loss. They later filed a motion for summary judgment, arguing in .pertinent part that Arkansas law prohibits the depreciation of labor, as reflected in this court’s decision in Adams v. Cameron Mutual Insurance Co., 2013 Ark. 475, 430 S.W.3d 675. Following briefing and a hearing, the circuit court entered an order on November 21, 2014, granting the Goodners’ motion for summary judgment. The circuit Rcourt specifically found that, pursuant to Adams, depreciation of labor in the calculation of actual cash value under any policy that .pays actual cash value is against the public policy of the State of Arkansas. Shelter filed a timely notice of appeal on December 4, 2014. Generally, on appeal from a summary-judgment disposition, the evidence is viewed in the light most favorable , to the party resisting the motion, and any doubts and inferences are resolved against the moving party. See, e.g., Crafton, Tull, Sparks & Assocs., Inc. v. Buskin Heights, LLC, 2015 Ark. 1, 453 S.W.3d 667. However, when the parties agree on the facts, as they do here, we simply determine whether the appellee was entitled to judgment as a matter of law. See id. As to issues of law presented, our review is de novo. See id. We begin our analysis with our decision in Adams, 2013 Ark. 475, 430 S.W.3d 675. There, we were called upon to answer a question of law certified by the United States District Court for the Western District of-Arkansas in accordance with Arkansas Supreme Court Rule 6-8. The certified question was the following: Whether an insurer in determining the “actual cash value” of a covered loss under an indemnity insurance policy may depreciate the costs of labor when the term “actual, cash value” is not defined in the policy. Id. at ¶ 1, 430 S.W.3d at 676. We an: swered this question in the negative, .holding that the costs of labor may not be depreciated when determining the actual cash value of a. covered loss under an indemnity insurance policy that does not define the term “actual cash value.” Id. at ¶ 7, 430 S.W.3d at 679. In so holding, we were persuaded by one of the dissents from the majority holding of the Supreme Court of Oklahoma in Redcorn v. State Farm Fire & Casualty Co., 55 P.3d 1017 (Okla.2002), and particularly its “discussion on the concept of depreciating labor.” Adams, 2013 Ark. 475, at ¶ 6, 430 S.W.3d at 678. The shingles are of course logically depreciable. As they age, they certainly lose value due to wear and tear.... Labor, on the other hand, is not logically depreciable. Does labor lose value due to wear and tear? Does labor lose value over time? What is the typical depreciable life of labor? Is there a statistical table that delineates how labor loses value over time? I think the logical • answers -are no, no, it is not depreciable; and no; The very idea of depreciating the value of labor is illogical. ... It is important to keep in mind that “[indemnity is the basis and foundation of all insurance law.” Rochester American Ins. Co. [v. Short, 207 Okla. 669, 252 P.2d 490,] 493 (1953). The objective of indemnity is to put the insured in as good a condition, as far as practicable, as he would have been in if the loss had not occurred, that is, to reimburse the insured for the loss sustained, no more, no less. Id. To properly indemnify Red-corn, State Farm should pay him the actual cash valué of the shingles, depreciated for wear and tear, plus the cost of their installation.... [Allowing [the insurer] to depredate the cost of labor would leave [the insured] vAth a significant out-of-pocket loss, a result that is inconsistent with the principle of indemnity. : Id. at ¶ 6, 430 S.W.3d at 678-79 (alteration in original) (emphasis in original) (quoting Redcom, 55 P.3d at 1022-23 (Boudreau, J., dissenting))! In Adams, this court endorsed Justice Boudreau’s reasoning and held that wé “simply cannot say that labor falls within that which can be depreciable.” Id. at ¶ 6, 430 S.W.3d at 679. Nonetheless, Shelter argues that Adams is not controlling here. Shelter points out that, unlike the indemnity insurance policy at issue in Adams, the Good-ners’ policy explicitly defined “actual cash value” and defined it to include depreciation of labor. Shelter further posits that the only basis for our holding in Adams was the ambiguity created by the policy’s failure to define “actual cash value,” an ambiguity that had to be resolved in favor of the | ^insured. While we did find that an ambiguity existed in the Adams policy, we then set out to resolve that ambiguity, asking “whether the costs of labor may be depreciated when determining the actual cash value under an indemnity insurance policy”; we concluded that they may not. Id. at ¶ 5, 430 S.W.3d at 678. Specifically, we concluded that the concept of depreciating labor is “illogical” and “inconsistent with the principle .of indemnity.” Id. at ¶ 6, 430 S.W.3d at 678-79 (quoting Redcom, 55 P.3d at 1022-23 (Boudreau,. J., dissenting)). Our holding applies with equal weight here. We are not persuaded by Shelter’s suggestion that the policy language controls. It is settled Arkansas law that an insurer may contract with its insured upon whatever terms the parties may agree, so long as those terms are not contrary to statute or public policy. See, e.g., Pardon v. S. Farm Bureau Cas. Ins. Co., 315 Ark. 537, 868 S.W;2d 468 (1994) (citing Aetna Ins. Co. v. Smith, 263 Ark. 849, 568 S.W.2d 11 (1978)). The term in the Goodners’ policy providing for depreciation of labor violates established principles of indemnity, as explained in Adams. See also Ark. Blue Cross & Blue Shield v. Long, 303 Ark. 116, 792 S.W.2d 602 (1990) (citing 10 G. Couch, Couch on Insurance 2d § 41:378 (rev. ed. 1982)) (stating that the right of an insurer to incorporate in its contracts such provisions as it may desire is subject to the limitation that conditions in the nature of exceptions or limitations should -not be unreasonable). Whether the term is ambiguous or unambiguous is a question we need not answer; in either case, the provision is contrary to Arkansas law.[1] Ifiln addition; the policy itself, in defining “actual cash value,” statéd as follows: “If the law of the state in' which this policy is issued limits the factors which may be considered in determining the actual cash value, only the factors allowed by such law will be considered.” (Emphasis in original.) Pursuant to Adams, the law of this state precludes depreciation of labor in calculating actual cash value. Accordingly, that factor shall not be considered. Consistent with Adams, we hold that labor may not be depreciated in calculating the actual cash value of a covered loss under an indemnity insurance policy. To do so would violate Arkansas law. While the circuit court’s ruling was based solely on public-policy grounds, it is axiomatic that this court can affirm a circuit court if the right result is reached, even if it is for a different reason. See, e.g., Wade v. Ferguson, 2009 Ark. 618. Affirmed. Special Justices Ronald A. Williams, R. Bryan Tilley, and Kevin R. Holmes join in this opinion. Brill, C.J., and Wood, J., dissent. Goodson, Hart, and Wynne, JJ., not participating. . We note that, in support of its contention that the policy unambiguously provided for depreciation of labor, Shelter reliés on the affidavit of its senior legal counsel, James William Turley, which was attached as an exhibit to its response to the Goodners’ motion for summary judgment. In the áffidavit, Turley explained that Shelter’s practice is to tie depreciation of labor to depreciation of materials: ‘‘[T]he same amount of deprecia-, tion (expressed as a percentage of its full repair or replacement cost) is applied to both the' labor and material's required to repair or replace that damaged component.” In other words, there is no separate formula for labor depreciation. In our view, this further supports the conclusion that labor is not logically depreciable.