Josephine Linker Hart, Justice, concurring. I would hold that none of the appellants have standing in this case. The majority correctly notes that standing is a threshold issue. Grand Valley Ridge, LLC v. Metro. Nat'l Bank, 2012 Ark. 121, 388 S.W.3d 24. The question of standing is a matter of law for this court to decide, and our review is de novo. Bibbs v. Cmty. Bank of Benton, 375 Ark. 150, 289 S.W.3d 393 (2008). Standing is an issue that can be raised on appeal, even if it is not the basis for the circuit court’s ruling and no cross-appeal has been filed. See Arnold v. State, 2011 Ark. 395, 384 S.W.3d 488. It is appropriate to do so in this case. Appellees raised standing in the circuit court and again raise it on appeal. I agree with how the majority characterizes the appellees’ argument, and I find that the authority that the majority relies on, Nelson v. Ark. Rural Med. Practice Loan & Scholarship Bd., 2011 Ark, 491, 385 S.W.3d 762, stands for the proposition that “a declaratory judgment will not be granted unless the danger or dilemma of the plaintiff is present, not contingent on the happening of hypothetical future events; the prejudice to his position must be actual and genuine and not merely possible, speculative, contingent, or remote.” However, I cannot accept the majority’s conclusion that we are barred from considering standing without a cross-appeal. 12i¡The majority’s reasoning does not comport with our long-established practice of affirming the circuit court if it is correct for any reason — Arnold v. State, supra, is just such a case. See also Shelter Mut. Ins. Co. v. Goodner, 2015 Ark. 460, 477 S.W.3d 512; Hurt-Hoover Invs., LLC v. Fulmer, 2014 Ark. 461, 448 S.W,3d 696. Further, the majority’s reliance on Gallas v. Alexander, 371 Ark. 106, 263 S.W.3d 494 (2007), for the proposition that the issue of standing raised by an appellee is not preserved for appeal in the absence of a cross-appeal is clearly misplaced. In the first place, Arnold v. State, supra, a 2011 case, effectively overruled Gallus, a 2007 case, albeit sub silencio. Likewise, the previously mentioned right-for-any-reason cases show that this court’s practice of affirming the circuit court on an alternative basis is still valid. Finally, Gallus ⅛ legal underpinning does not support the proposition that the majority cites it for. The Gallus court purports to rely on Lawson v. City of Mammoth Spring, 287 Ark. 12, 696 S.W.2d 712 (1985), for the proposition that a cross-appeal was required before this court can consider an appellee’s argument concerning standing. The Lawson court made no such holding. It merely recited that the City of Mammoth Spring had filed a cross-appeal, which it rejected; it never stated that filing a cross-appeal was mandatory. Standing is determined from the pleadings. See Reynolds v. Guardianship of Sears, 327 Ark. 770, 940 S.W.2d 483 (1997). Here, the first amended complaint recited only that Judges Landers, Guthrie, and Johnson were of the age that would be affected by Arkansas Code Annotated sections 24-8-215(c) and 24-8-710(b), and they and would “like” to seek reelection. It further noted that Judge Looney “would have liked to seek reelection but chose not to do so.” |24At the hearing on the appellants’ petition, no evidence was taken. I am mindful that, in arguing the case, appellants’ counsel did mention that Judge Landers has filed for reeleetion, he is unopposed, so if somebody votes for the unopposed slate of candidates, he wins, he’s in. And he would take office, I guess, a new term in January of 2017. So, I mean certainly I think he has standing. He did not move to amend the pleadings or ask the trial court to take judicial notice of the fact that Judge Landers was eligible to take office if he chose to forfeit his retirement benefits. However, even assuming that he had, whether Judge Landers chooses to accept another term over his retirement benefits is still “merely possible, speculative, contingent, or remote” which cannot provide the necessary factual predicate for the grant of a declaratory judgment. See Nelson v. Ark. Rural Med. Practice Loan & Scholarship Bd., supra. I would dismiss this case because the litigants lacked standing.